CORA M. PIERCE and another, in equity,

*vs.*

HARRIET L. ROLLINS and another.

Waldo.    Opinion February 16, 1891.

*Equity. Partition. Witness.*—*"Heir of deceased Party." Widower's Dower.*
*R. S., c. 82, § 98; c. 103, § 14; c. 104, § § 47, 48; c. 105, § 3,*
*cl. 1; § 7; Stat. 1821, § 18.*

To entitle complainants in equity to a decree in partition, they must show a clear legal title.

When the complainants claim title by descent from their mother, the respondent is a competent witness, for they are not "made parties as heirs of a deceased party."

The bill ordered to be retained a reasonable time to allow the complainants opportunity to establish their title at law, if they desire to do so,— otherwise it will be dismissed with costs. See *Nash* v. *Simpson*, 78 Maine, 143, 150.

ON REPORT.

Bill in equity for partition, heard on bill, answer and testimony.

The bill alleges that the plaintiffs are each seized in fee of one undivided part of certain real estate, situate in Belmont, Waldo County, containing one acre and ninety-six square rods, with the buildings thereon.

"That said Harriet L. Rollins, is seized in fee of one undivided third part of said described premises, and that said Noah B. Allenwood, has an estate by curtesy, in and to one undivided third part of said premises during his life, and that the estate of said complainants and said Harriet L. Rollins, are subject to said life estate of said Noah B. Allenwood. That said Noah B. Allenwood's estate in said premises have never been set out and assigned to him. That the buildings on said premises consist

of a dwelling-house and barn suitable for the occupation of one family only.

"That said Noah B. Allenwood, is now and ever since complainants derived their title to said premises, to wit: April 12, 1861, has been in the exclusive use and possession of all of said premises and refuses to account to them for any part of the rents and profits thereof, although thereto requested.

"That said premises can not be divided without being greatly depreciated in value, and can not be occupied in common by complainants and respondents. That said respondents refuse to sell their interest in said premises to the complainants or to purchase their interest therein of said complainants.

"Wherefore, said complainants pray that said Noah B. Allenwood may be ordered to account for the rents and profits of said premises; that the court may order and decree that said premises may be sold and the proceeds thereof be divided among complainants and respondents according to their respective interests in said premises; that a receiver may be appointed to take charge of said premises and to dispose of the same in pursuance of such order and decree; and that said complainants may have such other and further relief as equity may require, and to your honors may seem meet."

Belfast, September 11, 1889.

Answer of Harriet L. Rollins: "She denies that the plaintiffs are each seized in fee of one undivided third part of the real estate described in the plaintiffs' bill, but on the contrary says that the whole of said premises belong to Noah B. Allenwood, her co-defendant.

"She disclaims any right, title or interest in said premises as against said Noah B. Allenwood."

The answer of Noah B. Allenwood, who says: "That the plaintiffs are not each seized in fee of one undivided third part of the real estate described in said bill or of any portion of the same; but on the contrary, he has an undefeasible title to the whole premises by open, notorious, exclusive and adverse possession continued since 1854, up to the date of said bill, and acquired under the following circumstances, viz:

"In 1854 he made a verbal contract to purchase said land, then unimproved, with one Asa Allenwood, the owner thereof, for the sum of fifteen dollars, and immediately dug and stoned a cellar on the same, and during the following year erected the dwelling-house named in the bill; that on the 9th of December, 1856, he paid the purchase money to said Asa, who at the same time conveyed said land to Sarah A. Allenwood, the wife of him, the said defendant, and the mother of the plaintiffs; that said Sarah was not present when said deed was made; that the same was never delivered to her, but has since remained in his possession, and according to his best recollection and belief, she never saw it; and that he did not intend said conveyance as a provision for, or a gift to her adversely to himself, but that it was made to her instead of himself upon a suggestion that it would save expense. That his wife had no property at the time of her marriage, and never earned nor inherited nor became possessed of any except that which she received from him; that she never assumed or claimed any management or control of said land, and that since her death on the 12th of April, 1861, he, as he had previously, had; planting an apple orchard thereon in 1862, erecting an L in 1870, a barn in 1878, and making other improvements and paying the taxes, which have always been assessed to him up to the present time. That the plaintiffs, who are his daughters, and who are both married, became of age respectively in 1874 and 1876, and since their majority have been treated by him in the same manner and with the same affection as when they were under age, returning to his house whenever they pleased, staying months at a time, and always receiving from him all they asked for.

"That the first intimation which he ever had from them or from any one that they claimed the described land was during the spring of 1889."

The deposition of the defendant, Allenwood, in support of his answer was used subject to the objection that he was not a competent witness. The plaintiffs put in evidence a warranty deed of the premises from Asa Allenwood, father of the defendant, Noah B. Allenwood, to Sarah A. Allenwood, defendant's

wife, dated December 9, 1856, and witnessed and acknowledged by defendant as a justice of the peace. The defendant testified that he paid the purchase money for the deed.

*Thompson and Dunton*, for plaintiffs.

Plaintiffs' claim for a decree of sale, &c., is based on R. S., c. 77, § 6, and *Wilson* v. *R. R.*, 62 Maine, 112. Noah B. Allenwood is not a competent witness, R. S., c. 82, § 98; *Higgins* v. *Butler*, 78 Maine, 520. If he paid for the deed to his wife the presumption is that it was for her benefit, and no trust in his favor is presumed. *Lane* v. *Lane*, 80 Maine, 570; *Stevens* v. *Stevens*, 70 Maine, 92; *Melvin* v. *Whiting*, 13 Pick. 184. Deed executed more than thirty years before date of bill presumed to be properly executed and delivered. *Lawry* v. *Williams*, 13 Maine, 281; *Loomis* v. *Pingree*, 43 Maine, 299. Title by adverse possession can not be acquired against minors, ( R. S., c. 100, § 7,) and does not begin while a right by curtesy exists. *Poor* v. *Larrabee*, 58 Maine, 543; *Mellus* v. *Snowman*, 21 Maine, 201; *Dunham* v. *Angier*, 20 Maine, 242.

*J. Williamson*, for defendants.

Plaintiffs have no seisin, right of entry, or possession to the described premises which would authorize a judgment for partition. Plaintiffs' only claim of title is based upon a deed running to their mother, Sarah A. Allenwood, who died in 1861. Her husband, Noah B. Allenwood, one of the defendants, who entered upon the premises in 1856, has since constantly enjoyed and used them. His uninterrupted possession, therefore, comprises a period of twenty-eight years, since the death of his wife. Has his possession been of such a character as to be adverse to the plaintiffs? This case differs materially from that of *Clarke* v. *Hilton*, 75 Maine, 426; where the plaintiff's father held in submission to the acknowledged title of his children, and relying only upon a right of dower, claimed betterments in a real action brought against him by them. Here, no such acknowledgment is even intimated.

No person shall commence any real action for the recovery of land unless within twenty years after the right to do so first accrued; and when such right of action accrues, if the person

thereto entitled is a minor, . . . . . he may bring the action at any time within ten years after such disability is removed, notwithstanding twenty years have expired. R. S., c. 105, § § 1, 7.

If the mother of the plaintiffs had any title it accrued at the date of the deed, September 9, 1856. The disability of the oldest daughter was removed June 24, 1874, and of the youngest July 1, 1876. The bill is dated September 11, 1889. Over ten years, therefore, have elapsed, and as the plaintiffs would be barred of any right of action at law to recover the premises, so they are barred by proceedings in equity to obtain partition. Same in writ of error. *Eager* v. *Com.* 4 Mass. 182. Resulting trust in defendants' favor. Counsel cited : Lewis Tr. § 169 ; Perry Tr. 147 ; Pom. Eq. § 1040 ; *Edgerly* v. *Edgerly*, 112 Mass. 175 ; *Cormerais* v. *Wessellhoeft*, 114 Mass. 550.

VIRGIN, J. Bill in equity by two children of a deceased mother against their father and sister, praying for a partition of the homestead by a sale and distribution of the proceeds and for an account.

The bill alleges, *inter alia*, that each of the complainants and their defendant sister is seized in fee of one undivided third of the premises ; and that their father "has an estate by curtesy in and to one undivided third part of the same which has never been set out and assigned to him." We do not understand this to mean that the father is "tenant by the curtesy," as that phrase is commonly used. For prior to the change wrought by our statutory provisions, a husband and wife, even before any children were born to them, were jointly seized during their joint lives of a freehold in her lands held in fee. And after the birth of a child who could inherit her lands, he became tenant by the curtesy initiate of the whole and not of one third of her lands ; and upon the death of the wife his tenancy became consummate and vested without any assignment, and was subject to be taken in execution of his debts. St. 1821, c. 38, § 18. 1 Wash. R. P. 166. *Witham* v. *Perkins*, 2 Maine, 400 ; *Day* v. *Bishop*, 71 Maine, 132, 144 ; *Foster* v. *Marshall*, 22 N. H. 491.

The allegation simply means that the father is entitled to the
' use for life of one third" of the homestead in controversy — a
'widower's dower. R. S., c. 103, § 14. Moreover, the deed
to her shows that the wife was not seized until long after "March
22, 1844," and hence he could not be tenant by the curtesy
therein. Same statute.

In his answer, the father denies the complainants' title and
claims the fee in himself acquired by adverse possession begin-
ning in 1854, though his wife died in April, 1861. The defendant
sister also makes the same denial against the complainants and
the same claim in behalf of the father, and disclaims all title in
herself as against him.

Courts of equity do not generally settle the conflicting titles
of parties in their suits for partition. Hence, to entitle the
complainants to a decree for partition, they must show a clear
legal title. *Nash* v. *Simpson*, 78 Maine, 142, 150. And
especially when, as in this case, the delivery of the deed to the
wife, from whom the complainants derive their title, is denied
in the answer and by the testimony of the father. *Nichols* v.
*Nichols*, 28 Vt. 228.

But it is said that the father is not a competent witness for
the alleged reason that the complainants were "made parties as
heirs of a deceased party," within the meaning of R. S., c. 82,
§ 98. We do not consider this objection tenable. For the
complainants do not prosecute this suit as heirs of their deceased
mother, as they would a proceeding to redeem a mortgage given
to her (*Cary* v. *Herrin*, 59 Maine, 361) ; or as they would
defend a bill against them to recover land held by their mother
in her life time, in trust for her husband. *Burleigh* v. *White*,
64 Maine, 23. They do not in this case represent their mother
but themselves. . They set up a title in themselves. If their
title had come by deed or devise from their mother, they would
not then claim that they were made parties as heirs of their
deceased mother. No more can they now that it came by
descent. They are heirs in fact whichever way the title may
come. But they do not bring this suit because they are heirs,
but because they claim to hold the homestead in their own
individual right. *Wentworth* v. *Wentworth*, 71 Maine, 75.

We think, therefore, that a partition can not be decreed at the present stage of the suit, nor at any other time unless the complainants can, by some proceeding at law, establish their legal title. *Nash* v. *Simpson, supra.*

They can not clear up their title by petition under R. S., c. 104, § § 47 and 48; for possession on their part is essential by the very terms of the statute. *Oliver* v. *Look,* 77 Maine, 585. And they are not in possession, for their bill alleges that the father "is now, and ever since the decease of their mother in April, 1861, has been in the exclusive use and occupation of all said premises," which is fully corroborated by the testimony of the father.

Whether they can do it by a real action remains to be seen. If they have at any time been disseized by their father, then their "right of action first accrued at the time of such disseizin," R. S., c. 105, § 3, clause 1. If, when such right of action first accrued they were minors, they can commence their action "within ten years after that disability is removed." R. S., c. 105, § 7; *Coombs* v. *Persons Unknown,* 82 Maine, 326, 329.

The bill will be retained a reasonable time to allow the complainants to establish their legal title, if they desire so to do; otherwise it will be,

*Dismissed with single costs.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.