ELIJAH T. POND *vs.* MARCELLUS L. HUSSEY et als.

Piscataquis. ·Opinion December 16, 1913.

*Action. Commissioners. Improvements. Partition. Real Action. Revised Statutes, Chapter 106, Section 24.*

Petition for partition of real esate. In 1905, the petitioner brought a real action in Supreme Judicial Court for Piscataquis County against these defendants to recover same land. In that action the defendants filed a written claim to compensation for buildings and improvements, on the premises, and a request for an estimation by the jury, and the plaintiff filed a request in writing that the jury would also estimate what would have been the value of the premises at time of trial if no buildings had been erected. By agreement of parties three persons were appointed to ascertain the value of the buildings and improvements on the land, etc.

*Held:*

1. When the parties agree that the value of the building and improvements on the land shall be ascertained, by persons named on the record for that purpose their estimate is equal in its effect to a verdict.

2. After verdict, the demandant may elect to abandon the premises to the tenant at the value estimated and have judgment against him for the sum estimated and costs.

3. When the demandant does not so elect to abandon the premises, no writ of possession shall issue on the judgment, nor a new action be sustained for the land, unless, within one year from the rendition thereof, he pays into the clerk's office, or to such person as the court appoints, for the use of the tenant, the sum assessed for the buildings and improvements, with interest thereon.

4. The demandant cannot be permitted to dieregard the proceedings had on the real action and bring another action against the same defendants to again try out his claim in that property.

5. These petitions for partition constitute a new action within the meaning of the statute, brought by this petitioner for the same premises involved in the real action.

6. Although this process is designed to establish the petitioner's legal right to possession in severalty to part of the property, all questions concerning the title of the parties and the nature and extent of their interests, are to be determined before the interlocutory judgment for partition can·be made.

On exceptions by petitioner.  Exceptions overruled.

This is a petition for division of certain land situate in Guilford village, in the town of Guilford, in the County of Piscataquis, and is brought under the provisions of Revised Statutes, chapter 90. In 1905, this petitioner brought a real action in the Supreme Judicial Court, Piscataquis County, against these defendants to recover this same land, which he seeks to have set out to him in severalty in these proceedings.  In the real action, the defendants in this filed a written claim to compensation for buildings and improvements on the premises and a request for an estimation of the increased value of the premises by reason thereof, and the demandant in the real action, being the petitioner in this, filed a request in writing that the jury would estimate what would have been the value of the premises at time of trial, if no buildings had been erected, improvements made or waste committed.  By agreement of the parties, three persons were named to fix the values as prescribed in chapter 106 of the Revised Statutes.  The commissioners made their report at the September Term, 1910, and the report was accepted at same term, and no further proceedings were had, until this petition was filed for partition.  The presiding Justice, on motion of defendant, dismissed the petition for partition, and the petitioner excepted.

The case is stated in the opinion.

*J. S. Williams,* for petitioner.

*Hudson & Hudson,* for defendants.

SITTING: SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.  Petition for partition of real estate.  The petition was dismissed in the court below and the case comes up on exceptions to that ruling.

In 1905 the petitioner brought a real action in the Supreme Judicial Court, Piscataquis County, Maine, against these defendants to recover the same land which he now asks to have set out to him in severalty in these partition proceedings.  In that real action, as provided for in sec. 24, c. 106, R. S., the defendants filed a written claim to compensation for buildings and improvements on the premises and a request for an estimation by the jury of the increased value of the premises by reason thereof; and the plaintiff likewise

filed a request in writing that the jury would also estimate what would have been the value of the premises, at the time of the trial, if no buildings had been erected, improvements made, or waste committed. The parties then agreed, as provided for in sec. 34 of c. 106, R. S., that the value of the buildings and improvements on the land demanded, and the value of the land, should be ascertained by certain persons named on the record for that purpose. Thereupon the case was reported to the Law Court with a stipulation that if the plaintiff was found entitled to recover, the case should be remanded to nisi prius "for assessment, by commissioners already agreed upon by the parties, of defendants' compensation for buildings and improvements under the provisions of R. S., chapter 106, section 24." Thereafter, October 8, 1909, the Law Court certified its opinion that the plaintiff was entitled to judgment for twenty-one fortieths of the premises, and remanded the case to the trial term for the assessment of defendants' compensation for buildings and improvements, in accordance with the stipulation of the report. The commissioners then ascertained and determined the value of the buildings and improvements on the land demanded, and also the value of the land, all as required by their warrant, and made their report thereof to the court, which report was accepted by the court at its September Term 1910. Nothing further was done by the plaintiff respecting that real action, and on September 11, 1911, he began this petition for partition, claiming to be seized in fee simple of said twenty-one fortieths of said land, and to be entitled to have the same set out to him to hold in severalty.

In a real action, when a request therefor is made, the jury shall make and state in their verdict their estimate of the increased value of the premises by reason of buildings and improvements made thereon by the tenant, and also their estimate of what would have been the value of the premises at the time of the trial if no buildings had been erected, improvements made, or waste committed. Sec. 24, c. 106, R. S. When the parties agree that the value of the buildings and improvements on the land demanded, and the value of the land, shall be ascertained by persons named on the record for that purpose, their estimate "is equal in its effect to a verdict." Sec. 34, c. 106, R. S.

After such verdict the demandant may elect (Sec. 26, c. 106, R. S.) to abandon the premises to the tenant at the value estimated by the jury and·have judgment against the tenant for the sum so estimated, and costs. But if he does not so elect his rights under the real action, and in the premises, are limited and controlled by the provisions of sec. 31 of said chapter 106, which reads as follows:

"When the demandant does not elect so to abandon the premises, no writ of possession shall issue on his judgment, nor a new action be sustained for the land, unless, within one year from the rendition thereof, he pays into the clerk's office, or to such person as the court appoints, for the use of the tenant, the sum assessed for the buildings and improvements, with interest thereon."

After the persons named on the record in the real action by agreement to ascertain the value of the buildings and improvements on the land demanded, and the value of the land, reported their estimate thereof, and the same was accepted by the court, there was in effect a verdict in the real action, which stated, on the one hand, the increased value of the premises by reason of the tenants' buildings and improvements thereon, and on the other, the value of the land at the time of the trial without the improvements. That verdict qualified and limited the demandant's title in his twenty-one fortieths of the land, by establishing an interest therein in favor of the tenants by virtue of the buildings and improvements made on the land by them or those under whom they claimed. He then had, under the provisions of the statute, the option, either to have judgment against the tenants for the value of the land at the time of the trial, as stated in the verdict, independent of the tenants' improvements, or to have the premises including the improvements, upon paying the sum stated in the verdict as the increased value of the premises by reason of the improvements. That verdict stands unreversed, and it controls the demandant's rights in the premises as between him and the defendants in that action. Obviously he cannot be permitted to disregard that verdict and bring another action against the same defendants to again try out his claims to that property. And, moreover, it is the express prohibition of the statute, that "no writ of possession shall issue on his judgment, *nor a new action be sustained for the land,*" when the demandant does not so abandon the premises, unless he pays the assessed value of

the improvements within the one year specified in the statute. Sec. 31, c. 106, R. S. above quoted.

The partition proceedings constitute a new action, within the meaning of the statute, brought by the petitioner for the same land involved in the real action. Although this process is designed to establish the petitioner's legal right of possession in severalty to a part of the property, nevertheless all questions concerning the title of the parties and the nature and extent of their interests, are to be determined before the interlocutory judgment for partition can be made. *Allen* v. *Hall,* 50 Maine, 253, 263. Those questions have already been adjudicated in the real action, under which the petitioner might have taken judgment for the possession of the twenty-one fortieths of the land by paying the sum therein assessed for the tenants' improvements thereon.

But that he has elected not to do, and to permit him now to recover in a new action for partition the same premises, would not only violate the express prohibition of the statute, but also defeat its manifest intention, which withholds from him the fruits of his judgment in the real action, if he does not, within the year, extinguish the adjudicated interest which the tenants have in the property by reason of their improvements thereon. *Gilman* v. *Stetson,* 18 Maine, 428. See also *Thorndike* v. *Spear,* 31 Maine, 91.

It is therefore the opinion of the court that the petition for partition was rightly dismissed as not being sustainable.

*Exceptions overruled.*