## J. Frederick Norwood *vs.* Maude E. Packard.

### Knox.    Opinion March 15, 1926.

*A proceeding for partition under R. S., Chap. 93, is appropriate for determining the status of an alleged "omitted child" in a will.*

In the instant case the agreed fact; that Mary A. Norwood had but one daughter, named at her birth "Maude Emily Norwood," and so known until after her marriage, when she used "Norwood" as her middle name, is material and admissible upon the issue of respondent's alleged status as an "omitted child."

The legacy in the fourth paragraph of Mrs. Norwood's will, "to my daughter, Mary E. Packard," was intended for the respondent.

Evidence is admissible to identify the person intended by the testatrix.

On report upon an agreed statement of facts. A petition for partition of certain real estate, wherein the respondent claims in addition to an one third interest as heir of her father, an one sixth interest as a child omitted from the will of her mother, making an undivided half interest, while the petitioner claims an undivided two thirds interest. The cause was reported upon an agreed statement of facts to the Law Court "to render such judgment as a jury might render under proper instructions by a presiding justice," the respondent reserving the right to have her objections to the admissibility of conceded facts considered by the court. Judgment for partition as prayed for, with costs.

The case sufficiently appears in the opinion.

*Ensign Otis and Edward C. Payson*, for petitioner.

*J. H. Montgomery and R. I. Thompson*, for respondent.

Sitting: Wilson, C. J., Philbrook, Dunn, Morrill, Sturgis, Bassett, JJ.

Morrill, J. This is a petition for partition in which the petitioner claims to own two undivided third parts of certain real estate, in common and undivided with the respondent, his sister. The petitioner claims title to one third as heir of their father, who formerly

owned the premises, and to another third as residuary devisee under the will of Mary A. Norwood, the mother of the parties. The respondent claims title to one undivided half of the premises, derived as follows: to one third as heir of her father, and to one sixth as a child omitted from the will of her mother. R. S., Chap. 79, Sec. 9.

The case is submitted upon an agreed statement of facts, for this court "to render such judgment as a jury might render under proper instructions by a presiding justice." The respondent reserves the right to have her objections to the admissibility of conceded facts considered by this court.

Carefully considering the facts agreed upon, and the objections noted, we are of the opinion:

1. That the respondent is properly named in the petition.

2. That the will of Mary A. Norwood is clearly admissible in evidence in support of the petition.

3. That this proceeding is appropriate for determining the respondent's alleged status as an "omitted child." *Doane, Aplt.* v. *Lake,* 32 Maine, 268. *Church* v. *Crocker,* 3 Mass., 17. *Wilder* v. *Goss,* 14 Mass., 357.

4. That the agreed fact: that Mary A. Norwood never had but one daughter, named at her birth "Maude Emily Norwood," and so known until after her marriage to Mr. Packard, when she used "Norwood" as her middle name,—is material and admissible upon the issue stated in the preceding paragraph.

5. That the contention of the respondent that she was omitted from her mother's will and is entitled to one half of her mother's interest in the property, must fail. The court is satisfied that the legacy in the fourth paragraph of Mrs. Norwood's will, "to my daughter, Mary E. Packard," was intended for the respondent. Evidence is admissible to identify the person intended by the testatrix. *Wood* v. *White,* 32 Maine, 342. *Preachers' Aid Society* v. *Rich,* 45 Maine, 559. *Tucker* v. *Seaman's Aid Society,* 7 Met., 188, in which on page 208 the principle governing this case is fully stated.

> *Judgment for partition as*
> *prayed for, with costs.*