ANNIE M. HOADLEY

*vs.*

ANNIE M. WHEELWRIGHT AND CORA M. HUTCHINS.

Oxford.     Opinion, January 14, 1933.

*Frank A. Morey*, for petitioner.
*Cyrus N. Blanchard*,
*Frank W. Butler*, for defendants.

SITTING: PATTANGALL, C. J., STURGIS, BARNES, THAXTER, JJ.
PHILBROOK, A. R. J.

THAXTER, J.   This is a petition for partition brought under the provisions of Chap. 102, R. S., 1930, and heard by the Court without a jury, with the right to exceptions reserved to both parties. The defendants filed an answer denying the plaintiff's title to the premises and setting up an exclusive possession by themselves under a claim of title. The answer asserts that a petition for partition is not a proper form of action to try title to real estate, and prays for a stay of the proceedings until the plaintiff first establishes his title in a suit at law. The presiding Justice ruled that the question of title could be determined, refused to stay the proceedings, and after a hearing entered an interlocutory judgment that partition be made. To such rulings of the Court the defendant duly excepted.

The purpose of the statute authorizing partition of real estate is to eliminate by a simple and inexpensive procedure the evils and injustices which often are incident to the holding of land in common or joint tenancy. As the common owners have equal rights in the use and enjoyment of the estate, serious injury is likely to occur to the interests of all if they are not in accord in its management. To meet this difficulty the statutes provide for a prompt division of their respective interests. If one owner by merely filing a plea setting up want of title in the petitioner could force him to establish his title in a suit at law before proceeding with his petition for partition, the salutary purpose of the statutory remedy would be thwarted. Such has not been the procedure in this state.

In *Baylies* v. *Bussey*, 5 Me., 153, a petition for partition was filed. The respondent pleaded sole seisin in the lands described. The Court assumed the propriety of trying the issue of title. The point was made by the respondent that the petitioners could not main-

tain their process as it did not appear that they were actually seised of the premises. The Court said, page 158, that "a tenant in common may maintain his petition for partition, if he has a right of entry, though not actually seised."

In *Allen* v. *Hall*, 50 Me., 253, the Court points out that one of the difficulties in a partition sought by a bill in equity is that if there is any doubt about title the bill can not be maintained until this question has been settled by a suit at law. To obviate this very dilemma the statute providing for partition was passed. The Court said, page 263: "All questions concerning the title of the parties, and the nature and proportions of their interests, are to be determined by the jury; and their verdict is the basis of the interlocutory judgment, which must therefore conform to it. Upon all these matters the interlocutory judgment is conclusive."

*Pond* v. *Hussey*, 111 Me., 297, 89 A., 14, was a case of a petition for partition. The petitioner had previously brought a real action against the defendants to recover the same land, in which he was awarded judgment for twenty-one fortieths of it subject to the right of the defendants to compensation for certain buildings erected on it. Under the provisions of the statute no new action could be sustained for the land without payment within one year for such improvements. Without such payment the partition suit was brought. The Court held that such partition proceedings constituted a new action, and pointed out that under such process all questions concerning title were to be determined.

In *Norwood* v. *Packard*, 125 Me., 219, 132 A., 519, it was held that the rights of a child alleged to have been omitted from a will to share in certain real estate could be determined in a petition for partition.

Indeed the statute itself, R. S., 1930, Chap. 102, Sec. 1, which provides that one having a right of entry into real estate may bring a petition for partition, recognizes that the petitioner may not be seised and that his title may be in dispute.

The cases cited by counsel for the defendants, which hold that it is necessary for the plaintiff to establish title before continuing with proceedings for partition, are instances where relief is sought under a bill in equity. *Wilkin* v. *Wilkin*, 1 Johns. Ch., 111; *Gay* v.

*Parpart*, 106 U. S., 679, 1 S. Ct., 456, 27 L. Ed., 256; *Manners* v. *Manners*, 1 Green's, Ch. (N. J.), 384, 35 Am. Dec., 512; *Nash* v. *Simpson*, 78 Me., 142, 3 A., 53; *Pierce* v. *Rollins*, 83 Me., 172, 22 A., 110. The procedure set forth in these cases has no application when a petition is filed under authority given by statute. ...

The rulings of the Presiding Justice in refusing to stay the proceedings and in determining the issue of title were correct.

*Exceptions overruled.*