STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-10

MELISSA GOODY,

Plaintiff

v.

ROBERT THOMPSON,

Defendant

ORDER ON MOTION FOR
SUMMARY JUDGMENT

On May 10, 2022, Plaintiff Melissa Goody ("Goody") filed with the court a two

complaint against Defendant Robert Thompson ("Thompson"). In Count I Goody seeks

Equitable Partition and in Count II she claims damages for Unjust Enrichment. Thompson timely

answered. On December 29, 2022 Thompson filed the pending Motion for Partial Summary

Judgment on Count I only. For the following reasons, the motion is denied.

Factual Background

Goody has admitted and there is no factual dispute to the following facts-

Pursuant to a deed recorded at Androscoggin County Registry of Deeds at Book 9136,

Page 83, Thompson is the sole record title owner of real estate located at 101 Jennifer Drive in

Auburn, Maine. (D.S.M.F. ¶ 1). Thompson has been the sole record title owner from May 8,

2015 to date, and is also the sole obligor on a mortgage encumbering the property. (D.S.M.F. ¶

1,4). Thompson and Goody together cohabited in the home on the property from May 8, 2015

through February 2022, until the parties separated in February 2022. (D.S.M.F. ¶ 10, 11). During

the time the parties cohabitated in the home on the property, they both contributed towards the

mortgage and other expenses and Goody also paid certain utility bills and paid for other repairs

and improvements. (D.S.MF. ¶ 12, 13). Goody ceased residing at the home at the time of, or

1

shortly after, the parties' separation, and at that time Goody stopped contributing towards the mortgage, utilities, and other expenses. (D.S.M.F. ¶ 14, 15). Thompson has continued to reside at the home on the property since the parties' separation and has paid all related expenses. (D.S.M.F. ¶16). Goody is not, and has never been, a record title owner of the home, and has never been an obligor on the mortgage. (D.S.M.F. ¶ 5, 6). And Goody has never obtained an ownership interest in the home by deed, conveyance or inheritance. (D.S.M.F. ¶ 7).

In addition to the above undisputed facts, Goody alleges she and Thompson intended to acquire and own the home together, but that it was put solely in Thompson's name to obtain more favorable financing terms. (See Complaint, ¶ 4, 5) Goody asserts the more favorable financing was through the VA, but that it was available only to Thompson, and that Goody's name could not be on the deed or financing. (P.S.A.M.F. ¶ 9, 10,11). Goody alleges Thompson verbally agreed to add Goody's name to the deed to the property after the loan was completed. (P.S.A.M.F. ¶ 23, 24). And Goody alleges she paid closing costs in the amount of $7,000.00 to acquire the property. (P.S.A.M.F. ¶ 25). Thompson disputes and denies those allegations.

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported

2

by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2).

Discussion

Although Goody claims an equitable interest in the property pursuant to the court's general equity jurisdiction (See Complaint, ¶ 7), Thompson asserts Goody is not entitled to partition of the property. There are two types of partition-statutory and equitable.

Title 14, M.R.S. §6501 provides "Persons seized or having right of entry into real estate in fee simple or for life, as tenants in common or joint tenants, may be compelled to divide the same by civil action for partition." Statutory partition may be carried out only by *physical division* of the jointly owned real estate or perhaps...by time-sharing of its use. *Libby v. Lorraine,* 430 A.2d 37, 39 (Me. 1981) emphasis added. And statutory partition is limited to persons seized or having a right of entry as tenants in common or joint tenants. 14 M.R.S.§6501, 6502.

Partition is also available to joint owners of real estate through the equity jurisdiction of the court. *Libby v. Lorraine,* 430 A.2d 37, 39.. Equitable partition is more flexible than "partition by petition" and is not limited to physical division and may be carried out by sale. *Id.* But similar to statutory partition, equitable partition is limited to cases involving part owners of real (see *Boyer v. Boyer,* 1999 ME 128, ¶13) or between those actually seised of the premises.((*Hoadley v. Wheelwright,* 131 Me. 435, 437 (1933)- "a tenant in common may maintain his petition for partition, if he has right of entry, though not actually seised" quoting *Baylies v. Bussey, 5 Me.*

3

*153);* see also *Pierce v. Rollins,* 83 Me. 172 (1891)-" ...a partition can not be decreed...unless the complainants can, by some proceeding at law, establish their legal title").

In this matter it is undisputed that the property is titled solely with Thompson. Goody has not acquired deeded title of any kind, and is not a tenant in common or joint tenant of the property. She has no deeded ownership interest. And Goody is not seised of the property, Thompson having sole possession since February 2022 when Goody moved out.

Thompson acknowledges however that there are circumstances a claimant could have or establish an equitable claim to property, without deeded title. One instance is marital property in a divorce subject to equitable division. 19-A M.R.S. §953. Another instance would include claims by an heir to title or ownership of property in a decedent's estate. See *Pierce v. Rollins,* 83 Me. 172 (1891). But neither of those instances are at issue in this matter.

A partition can not proceed unless the complainant can by some proceeding at law establish their legal title. *Pierce* at 178. In his reply, Thompson tends to acknowledge Goody is arguing an equitable claim to title. (Reply, p. 4) In her complaint, Goody asserts "The Plaintiff claims an equitable interest in the said property pursuant to 14 M.R.S.A. §6051(7) *and* the Court's general equity jurisdiction."(emphasis added). Goody's claim via 14 M.R.S. §6051 seems misplaced, but the court does find Goody has still plead a claim for an equitable interest pursuant to the court's equity jurisdiction.

In addition to claiming an equitable interest pursuant to the court's equity jurisdiction and requesting partition, Goody has plainly plead a claim for unjust enrichment. A constructive trust is an equitable remedy imposed by the court regardless of the parties' intentions in order to prevent unjust enrichment. *Id.,* see also *Corey v. Corey,* 2002 ME 132, ¶ 10. A constructive trust may be imposed to do equity and to prevent unjust enrichment when title to property is acquired

4

by fraud, duress, or undue influence, or is acquired or retained in violation of a fiduciary duty. *Baizley v. Baizley,* 1999 ME 115, ¶6; see also *Cassidy v. Cassidy,* 2009 ME 106, ¶8 and *Gaulin v. Jones,* 481 A.2d 166, 168 (Me. 1984). The facts of *Baizley* are helpful guidance for this case.

In *Baizley,* a grandmother deeded property to one grandson but with the intent he share the property with his siblings. *Baizley,* at ¶ 4. At trial the grandmother testified that at the time of the conveyance she told her grandson to share the property with his siblings, and the grandson agreed. *Id.* When the grandson later refused to share the property with his siblings, the siblings sued with claims of tortious interference, breach of fiduciary duty and unjust enrichment. *Baizley* at ¶ 5. The trial court found the grandson had committed constructive fraud and imposed a constructive trust to prevent unjust enrichment, and then ordered partition. *Id.*

A constructive trust may be imposed when a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Baizley,* at ¶ 6, citing *Gaulin,* 481 A.2d at 168, quoting Restatement of Restitution § 160. Such a circumstance when a constructive trust may be imposed is on the basis of *constructive fraud. Baizley,* ¶ 7(emphasis added).

Constructive fraud occurs when a grantor transfers property to the grantee who promises or agrees to hold the property for the benefit of the grantor or a third party, and the grantor is induced to act through reliance on a relationship of trust which may be founded on moral, social, or personal, as well as legal duties. *Baizley,* at ¶7. Stated a bit differently, a basis for finding a constructive fraud exists when in making a conveyance the grantor trusts the grantee to hold the property for the benefit of the grantor or a third party. *Gaulin,* 481 A.2d at 468.

In the context of a constructive trust, a fiduciary relationship also exists when one party has rights and duties that he is bound to exercise for the benefit of another. *Wood v. White,* 123

5

Me. 139, 143 (1923). "Whenever one person is placed in such a relation to another..that he becomes interested for him or interested with him in any subject of property or business he is prohibited from acquiring rights in that subject antagonistic to the person with whose interests he has become associated." *Id.* quoting Judge Sanborn in *Trice v. Comstock,* 121 F. 620.

A constructive trust imposed on the basis of constructive fraud requires proof by clear and convincing evidence of an agreement between the grantor and the grantee to benefit another party. *Baizley,* at ¶8.

Goody has raised numerous material facts, which although in dispute, if proven as true and as an equitable remedy for the claim for unjust enrichment could subject the property to the imposition of a constructive trust for Goody's benefit. Those alleged and disputed facts include-

- Goody and Thompson lived together for a period of time prior to deciding to purchase a home together and acquire the subject property. (P.S. A.M.F. ¶ 1,3,4)

- Goody and Thompson looked at homes and Goody was extremely interested in the subject property. (P.S.A.M.F. ¶15, 16, 17, 18)

- Thompson sought financing through the VA, but it was available only to Thompson, and Goody's name could not be on the deed or financing. (P.S.A.M.F. ¶ 9, 10,11).

- In searching for a home to purchase, they worked with Goody's father and stepmother who were real estate brokers. (P.S.A.M.F. ¶5,6,14)

- Because the subject property had received several offers, Goody's father and stepmother agreed to purchase the property and sell it to Thompson and Goody once the financing was finalized. (P.S.A.M.F. ¶ 18, 19, 20, 21)

- Goody's father and stepmother held title to the property for about two months. (P.S.A.M.F. ¶26)

6

- Goody's father told Thompson, and Thompson agreed, that as soon as the loan went through Thompson needed to add Goody to the deed. (P.S.A.M.F. ¶ 23, 24)

- Goody paid $7,000.00 in closing costs. (P.S.A.M.F. ¶ 25)

- While living together in the property after moving in in April, 2015 Goody paid many of the expenses. (P.S.A.M.F.27, 29, 30, 32, 33, 34, 35, 37, 38)

In her complaint Goody has made a claim for an equitable interest in the property and plead unjust enrichment. Genuine issues of material facts exist, but were Goody to prevail at proving her claims, an equitable remedy for unjust enrichment could include imposition of a constructive trust on the basis of constructive fraud, upon which the partition action could be taken.

The entry is

> Defendant Robert Thompson's motion for partial summary judgment is DENIED.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: March 13, 2023

Harold Stewart, II
Justice, Superior Court