DAVID S. REED, petitioner for partition, *vs.* JONATHAN L. REED.

Lincoln.    Decided December 21, 1878.

*Partition.    Improvements.*

A tenant in common, on a division of the estate, is entitled to the benefit of the improvements made by him.

If such improvements are made on a part of which he has the exclusive possession with the consent of his co-tenants, his share should be assigned from such part or including it.

If such possession was without consent, he is entitled to the benefit of their actual value to the estate in the share to be assigned to him, though that share may be otherwheres.

ON EXCEPTIONS.

PETITION FOR PARTITION of a farm in Dresden, formerly owned by Peter Puchard, who died in 1827, leaving a will which gave a life interest therein to his daughter, Mary Reed, with a life interest over to his daughter, Nancy Parks. The will provided " if Jonathan L. Reed shall continue on the farm and carry on the same for his mother, Mary Reed, that at her decease he shall have all the stock then on the farm, . . and after the decease of my daughters, Mary and Nancy, I give all my estate to my grand children then alive to be divided equally among them."

Mary died in 1858 and Nancy in 1866. At her death there were living seventeen grand children of Puchard, including this petitioner. Before the date of the petition the petitioner purchased and became the owner of the shares of fifteen of the grand children, so that he then owned 16–17 of the title, and the respondent the other 1–17.

The respondent in his brief statement says the petitioner ought not to have partition as prayed for, because in the year 1856 he put upon the premises a dwelling-house of great value, in the south-west corner thereof, by the consent of the persons then owning the premises; that he has ever since occupied the same as sole owner, and has had exclusive possession of the house and so much of the land on which it stands as is necessary to the reasonable enjoyment thereof, by the consent of the petitioner and those under whom he claims; and that he is entitled to have his share

assigned him from and including the part on which he has made improvement, and that the value of the improvements shall be considered and the assignment of shares made in conformity therewith.

The case was submitted, with right of exception, to the presiding justice, who found the facts as before stated, and also that the respondent continued on the farm and carried it on for his mother during her life; that in 1856, with the knowledge and consent of his mother, he erected the main part of the dwelling-house now on the farm, attaching it to the other portion then standing thereon. The whole house is underpinned with stone; but there was no cellar under the main part built by the respondent in 1856, there being a cellar under the part previously erected. The respondent lived in the house during his mother's life, and after her death had the exclusive occupation of it, but made no improvements thereafter.

Upon the foregoing facts the presiding justice ruled, as matter of law, that the respondent was not entitled to have his share of the premises assigned from and including the part of the premises on which the house stands, and was not entitled in the partition to have the value of his improvements considered and the assignment made in conformity therewith, and ordered judgment for partition as prayed for.

The respondent alleged exceptions.

*S. C. Whitmore*, for the respondent.

*W. T. Hall*, for the petitioner.

DANFORTH, J. This is a petition for the partition of certain land described, with the buildings thereon. The respondent admitting the petitioner's title to the land as claimed, sets up title to the dwelling-house as an improvement made by him while in the exclusive possession of that part of the land upon which it stands, with the consent of the other owners, and "that he is entitled to have his share assigned him from and including the part on which he has made improvements." He further claims "that the value of the said improvements made by him shall be considered and the assignment of shares made in ·conformity

therewith." The case was referred to the presiding justice, and comes before this court upon exceptions to his rulings.

It is contended in the argument that the building, which is the improvement claimed, is personal property. Were this so, we should have no occasion to consider any of the questions raised ; for the jurisdiction of the commissioners to be appointed extends to real estate only, and their division of personal property would be of no effect. *Allen* v. *Hall*, 50 Maine, 253, 265. Nor do the pleadings in this case present any such question. The house is claimed as an improvement upon, and of course as a part of the realty. The facts reported, though not directly stating that the building is a part of the real estate, leave no possible doubt that it is so.

The case presents two questions for consideration. 1. Is the respondent entitled, as claimed in his brief statement, to have his share set off so as to include his improvements without considering their value ? To authorize an affirmative answer to this question, the burden of proof is upon the respondent to show " that by mutual consent he had the exclusive possession of a part of the estate, and made improvements thereon." This he has failed to do ; for, though it appears by the report that he had the exclusive possession, it does not appear that it was by the consent of his co-tenants. True, he had the consent of the tenant for life, but whether it was continued after her decease with or without the consent of the tenants in common does not appear. The question must therefore be answered in the negative, in accordance with the ruling.

2. Is the respondent entitled in the partition to have the value of his improvements considered, and the assignment made in conformity therewith ? By R. S., c. 88, § 16, it is provided that " the value of the improvements made by a tenant in common shall be considered, and the assignment of shares be made in conformity therewith." This is distinct from the provision in the first of the section. That provides what shall be done where there is an exclusive possession " by mutual consent." This provides for the disposition of the improvements simply, and gives the maker the benefit of them irrespective of possession or con-

sent. In the one case, the place of the improvements is to be set off; in the other, the benefit of the improvements is to go to him who made them, though in the division some other part shall fall to him. This construction was put upon the statute in *Allen* v. *Hall*, above cited, and seems to be decisive of this case.

The facts show that the respondent occupied exclusively and made the improvements. True, he did not make them after the termination of the life estate ; nevertheless, he made them ; and giving him the benefit of them works no injustice to his co-tenant.

It is contended that these improvements, being made during the existence of the life estate, and attached to the land at the termination of that estate, became the common inheritance of the remainder-men. This, by the common law, is undoubtedly true. But the statutes have made a change in this respect. If the statute already referred to is not sufficient for the purpose, the act of 1843, c. 6, continued and now found in R. S., c. 104, § 23, would seem to supply all deficiencies. By that act, in a writ of entry against the grantee or assignee of a tenant for life, the tenant shall have the benefit of all the improvements made during the tenancy for life. No adverse possession or possession for any particular period is required. *Austin* v. *Stevens*, 24 Maine, 520, 527, 528. If these improvements had been made by the tenant for life and assigned to the respondent, unquestionably he would have been entitled to them under the statute. But the case shows that they were made by him, for his benefit, with her consent, and clearly with the expectation that he was to be the owner. He is, then, virtually the assignee of the tenant for life.

Under these statutes, the latter confirming our construction of the former, we think the ruling upon this point was erroneous, and upon the facts as reported, the interlocutory judgment should be that the commissioners in their division shall consider the improvements made by the respondent, and give him the benefit of their value to the estate.

*Exceptions sustained.*

APPLETON, C. J., VIRGIN, PETERS and LIBBEY, JJ., concurred.