2002 ME 29

**Howard A. HARTWELL and Barbara R. Hartwell**

v.

**Carroll STANLEY.**

Supreme Judicial Court of Maine.

Argued: Dec. 4, 2001.

Decided: Feb. 20, 2002.

Charles E. Gilbert, III (orally), Gilbert & Greif, P.A., Bangor, for plaintiffs.

G. Bradley Snow (orally), Tanous and Snow, East Millinocket, for defendant, Carroll Stanley.

Richard D. Violette, Jr., Brewer, for defendant, Town of Medway.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Carroll Stanley appeals from the judgment entered in the Superior Court (Penobscot County, Hjelm, J.) concluding that Howard A. and Barbara R. Hartwell have a right of way over the range-way that connects their property with Stanley Road and finding that Stanley Road is a public way. Stanley argues that the Hartwells' right of way has been extinguished by operation of 23 M.R.S.A. § 3032(1–A) (Supp.2001), and that the evidence was insufficient to establish that Stanley Road is a public way. We disagree and affirm the judgment of the Superior Court.

[¶ 2] The evidence presented at trial and the procedural history of the present dispute may be summarized as follows: The Hartwells own Lot No. 1 of Tract Z in the Town of Medway. As laid out for the original Proprietors by Rufus Gilmore in 1844, Tract Z contains two parallel rows of lots and a proposed range-way[1] running between the rows. Carroll and Emma Stanley own Lot No. 2, Lot No. 3, and the northern portion of Lot No. 4 in Tract Z. Their property surrounds the eastern and southern borders of the Hartwells' lot.

[¶ 3] Stanley Road runs from the north-east corner of Lot No. 3, passes through the north-west corner of Lot No. 4, and proceeds into Lot No. 2. David Cook, a professional land surveyor, testified that the south-east corner of Lot No. 1 is fifty-eight feet from the center of Stanley Road. In order to access their property, the Hartwells must cross Stanley Road as well as a portion of the range-way.

[¶ 4] The Hartwells brought suit against Stanley and others seeking a declaration that they possess a private easement over the range-way and that Stanley Road is a public way.[2] The trial court in its well reasoned opinion determined that Stanley Road is a public way and that the Hartwells have a right of way over the range-way.

I.

[¶ 5] 23 M.R.S.A. § 3032 provides for the vacation of proposed, unaccepted ways

---

1. We observe that the plan denotes the range-way as a road.

2. Although the Town of Medway was named as a defendant in the complaint, the Town did not participate in the trial and did not appeal.

that have been laid out in a subdivision plan as follows:

**1–A. Deemed vacation.** A proposed, unaccepted way or portion of a proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds prior to September 29, 1987 is deemed to have been subject to an order of vacation under section 3027 if, by the later of 15 years after the date of the recording of the subdivision plan laying out the way or portion of the way or September 29, 1997, both of the following conditions have been met:

**A.** The way or portion of the way has not been constructed or used as a way; and

**B.** The way or portion of the way has not been accepted as a town, county or state way or highway or as a public, utility or recreational easement.

A way or portion of a way considered vacated under this subsection is subject to section 3033.

23 M.R.S.A. § 3032(1–A) (Supp.2001).

[¶ 6] Stanley argues that section 3032(1–A) applies to private as well as public rights in proposed, unaccepted ways. He maintains that whatever rights the Hartwells may have had in the range-way were deemed vacated because the Hartwells failed to present any evidence showing that the range-way had ever been constructed or used as a way, that the Town of Medway had ever accepted the way as a public way, or that the Town had ever filed a notice pursuant to section 3032(2) to exempt the range-way from the operation of 3032(1–A). Thus, he asserts that the Superior Court erred by determining that the Hartwells right of way over the range-way had not been vacated pursuant to section 3032(1–A).

[¶ 7] Contrary to Stanley's contention, however, section 3032(1–A) does not operate alone to vacate *private* rights in proposed, unaccepted ways. Section 3032(1–A) clearly states that "[a] way or portion of a way considered vacated under this subsection is subject to section 3033." *Id.* § 3032(1–A). We succinctly summarized the requirements of section 3033 in *Glidden v. Belden,* 684 A.2d 1306 (Me. 1996) as follows:

Section 3033 invites any person claiming to own a way vacated under section 3032 to record in the registry of deeds a notice whose form and content is stipulated in the statute. Notice also must be given to the relevant current record owners and their mortgagees. Those who receive notice and who claim a private right in the vacated way will forever be barred from maintaining an action at law or equity regarding that right unless they file in the registry of deeds where the relevant subdivision plan was recorded a statement under oath 'specifying the nature, basis and extent of [their] claimed interest' within one year from the date of the recording of the notice. A claimant's asserted right will be lost unless, within 180 days of the recording of their statement, the claimant commences an action in equity to establish it.

*Id.* at 1315 (alteration in original) (citations omitted). The Superior Court correctly concluded that although the public's incipient rights in the range-way may have been extinguished by operation of section 3032, the Hartwells' private rights had not been extinguished because Stanley did not comply with the statutory procedure for doing so under section 3033 by filing a notice of his claim to own the range-way.

[¶ 8] Stanley does not dispute that he failed to file a section 3033 notice. He argues that section 3027–A, not section 3033, applies to vacate the Hartwells' right of way because he does not claim to own

the range-way.[3] Section 3033, he points out, applies only when someone claims to own the vacated way. *See* 23 M.R.S.A. § 3033 (1992). He asserts that section 3027–A, by contrast, operates to vacate unclaimed rights regardless of whether someone has claimed to own the vacated way.[4] *See id.* § 3027–A.

[¶ 9] This argument, however, is meritless for at least two reasons: First, section 3027–A operates only after an order of vacation has been recorded in the registry of deeds. *Id.* § 3027–A(1) and (2). In the present case, the record does not show that such a recording has ever been made. Second, section 3032 explicitly provides that a way that is vacated under its provisions is subject to section 3033. *Id.* § 3032(1). To read section 3032 in such a way as to allow vacation of private rights pursuant to section 3027–A when no party

---

3. Relying on *Lamson v. Cote,* 2001 ME 109, 775 A.2d 1134, the Hartwells argue that because he has not claimed to own the range-way, Stanley has no legal basis to prevent the Hartwells from using it. In *Lamson,* we held that the plaintiff property owner did not have a property interest, pursuant to 33 M.R.S.A. § 469–A, in a proposed, unaccepted way because the plaintiff's property had been conveyed prior to the recording of the subdivision plan that established the disputed way. *Lamson,* 2001 ME 109, ¶ 15, 775 A.2d 1134. In a footnote, we explained that sections 3031 and 3032 would not operate to oust the defendant because the plaintiff could not establish a statutory right of ownership in the land. *Id.* ¶ 19 n. 10. This statement is based on the fact that section 3033 does not operate to extinguish private rights until someone claiming to own the proposed, unaccepted way has filed a claim in the registry of deeds. *See* 23 M.R.S.A. § 3033(2). Footnote 10, however, does not contradict Stanley's argument because he maintains, though mistakenly, that the Hartwells' rights to the range-way are vacated by operation of section 3027–A and that under that section he is not required to claim ownership.

4. Section 3027–A provides:

1. **Recording of vacation order.** A copy of the order of vacation by the municipal officers entered under section 3027 shall be recorded in the registry of deeds where the plan of subdivision is recorded and shall contain an alphabetical listing of the names of the subdivision lot owners and their mortgagees of record whose interests may be affected by the order. The register of deeds shall make a cross-reference to the order of vacation upon or attached to the face of the subdivision plan. The register of deeds shall also index the order under the names of the lot owners whose names appear in the body of the order. Any order of vacation entered prior to the effective date of this section may be recorded by the municipal officers in the same manner and with the same effect set forth in this section.

2. **Rights of action.** All persons are forever barred from maintaining any action at law or in equity to establish, recover, confirm or otherwise enforce any right claimed to or in a proposed or described vacated way by reason of the ownership by the claimant or by [an] predecessor in title of a lot or parcel of land shown on a recorded subdivision plan, unless, within one year of the date of recordation of the order of vacation, the claimant files in the registry of deeds where the subdivision plan is recorded a statement under oath specifying the nature, basis and extent of the claimed interest in the way. The claim is forever barred unless, within 180 days after the recording of the statement, the claimant or any other person acting on behalf of the claimant commences an action in equity under Title 14, chapter 723, to establish the rights asserted to or in the way. These limitation periods are not tolled or interrupted by any disability, minority, lack of knowledge or absence from this State of any claimant. Upon the trial of an action, the court shall grant judgment for the claimant only if it finds that the claimant has acquired an interest in the proposed way and that the deprivation of rights in the proposed way unreasonably limits access from a public way, a public body of water or common land or facility to the land of the claimant shown on the recorded subdivision plan. Any judgment rendered by the court in the action may, in the discretion of the court, grant the claimant reasonable damages instead of establishment of the claimant's rights.

23 M.R.S.A. § 3027–A.

has claimed to own the proposed, unaccepted way would render section 3033 superfluous.

## II.

[¶ 10] Stanley argues that the evidence is insufficient to establish that Stanley Road is a public road and that the road is uniformly public. The public character of a disputed road may be established by a showing that the road has been laid out and accepted by the town. *Avaunt v. Town of Gray*, 634 A.2d 1258, 1260 (Me. 1993). The court found that Stanley Road had been accepted by the town in the late nineteenth century and that it has not been discontinued since. We review the trial court's findings of fact for clear error and will uphold the findings "unless there is no evidence to support them." *Charlton v. Town of Oxford*, 2001 ME 104, ¶ 28, 774 A.2d 366 (quotations omitted).

[¶ 11] Contrary to Stanley's contention, the record contains competent evidence to support the court's finding that Stanley Road was a public way. In 1873, R.W. Lee executed a bond for a deed to the northern half of Lot 3. In 1878 or 1879, the Town of Medway voted to accept the road laid out by the assessors on petition of R.W. Lee. Corroborative evidence confirms that the road accepted at that time is the road now known as Stanley Road: (1) in 1937, the Town of Medway voted to reimburse Mrs. Bradford Lee, who owned most of Lot No. 3 at that time, "for the taxes she paid on the town road through her land"; the 1938 Maine Highway Map shows Stanley Road as a "graded and drained" road, not as a "private road"; (3) the Town has periodically maintained the road by plowing, grading, patching potholes, and applying "hot-top"; (4) the public school bus has used Stanley Road to pick up the Stanley children and others; (5) Stanley Road is known by reputation as a public road; and (6) in 1957, the telephone company requested permission from the Town to locate its poles and cables along Stanley Road.

[¶ 12] In addition, the record contains competent evidence that Stanley Road is uniformly public. Emery Lee testified that the Town maintained Stanley Road up to the Stanley farm which is located in Lot No. 2. Paul Farrington testified that he routinely drove a school bus the length of Stanley Road to the Stanley farm.

[¶ 13] Stanley argues that all of this evidence is insufficient because there is other evidence in the record that could have justified a finding that Stanley Road was not public in nature. A trial court's factual findings, however, will not be overturned "simply because an alternative finding also finds support in the evidence." *Minot Sch. Comm. v. Minot Educ. Ass'n.*, 1998 ME 211, ¶ 6, 717 A.2d 372 (quotation omitted).

The entry is:

Judgment affirmed.