2002 ME 107

**Beth Carol HANNA, f/k/a Beth Hanna Hildings**

v.

**Richard H. HILDINGS.**

No. Lin–02–6.

Supreme Judicial Court of Maine.

July 2, 2002.

Samuel G. Cohen, Cohen & Cohen, Waldoboro, for plaintiff.

Andrews B. Campbell, Waldoboro, for defendant.

BEFORE: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Richard H. Hildings appeals from a judgment entered in the Superior Court (Lincoln County, *Atwood, J.*) affirming the District Court's (Wiscasset, *Field, J.*) divorce judgment awarding Beth Carol Hanna spousal support. Hildings contends that the court erred in ruling on his motion for findings of fact and conclusions of law because it failed to apply the recently enacted 19–A M.R.S.A. § 951–A (Supp.2001). He also contends that the court erred in admitting evidence procured by Hanna's private investigator and in its findings with respect to income, earning capacity, and living expenses. Because we conclude that the court properly applied 19–A M.R.S.A. § 951 (1998), that the court did not commit obvious error in admitting evidence procured by Hanna's private investigator, and that the court's findings were supported by the record, we affirm the judgment.

[¶ 2] During the divorce proceedings, Hanna hired Charles D. Dyke as a private investigator; he presented himself to Hildings as a tourist seeking a ride on Hildings's lobster boat. Dyke brought a video camera with him and made a video recording of his trip. Hildings and one of his employees told Dyke how much they earned and where they sold lobster; their statements to Dyke are inconsistent with Hildings's trial testimony and suggest that Hildings is earning more than he has reported to federal and state authorities. Hanna offered Dyke's video tape. The court overruled Hildings's hearsay objection. The court entered a divorce judgment on August 1, 2000, awarding spousal support to Hanna. Based in part on the video tape, the court found that Hildings has an annual earning capacity of $125,000.

[¶ 3] Hildings moved for findings of fact and conclusions of law on August 11. The court reviewed the judgment and exhibits and entered an order in December 2000 declining to make further findings, but modifying that portion of the spousal support award that did not permit modification. On appeal, the Superior Court affirmed the divorce judgment.

[¶ 4] Section 951–A applies to

**A.** Orders granting or denying spousal support entered on or after September 1, 2000; and

**B.** The modification, termination and enforcement of orders granting spousal support entered on or after September 1, 2000.

19–A M.R.S.A. § 951–A(10).

[¶ 5] The order granting the support in the present case was entered on August 1, 2000. The December 2000 order modified

the August 1 award, but section 951–A would only apply if the December 2000 order modified an "order[ ] ... entered on or after September 1, 2000." 19–A M.R.S.A. § 951–A(10)(B). Because the August 1 order was obviously entered prior to September 1, we affirm the court's application of section 951, the predecessor to section 951–A.

■ [¶ 6] Although Hildings raised only a hearsay objection at trial, here he challenges the admission of Dyke's testimony and video tape on the ground that Hanna's attorney violated the Maine Bar Rules. There was no evidence offered that Hanna's attorney participated in the decision to retain Dyke. Even if evidence had been presented to the court, the court would not have been compelled to exclude Dyke's testimony as a sanction for the violation of the Bar Rules.[1]

■ [¶ 7] Regarding the contested factual findings, the evidence presented at trial adequately supports the court's findings. *See Hartwell v. Stanley*, 2002 ME 29, ¶ 10, 790 A.2d 607, 611 (we review findings of fact for clear error, upholding the findings unless no evidence supports them); *Jenkins, Inc. v. Walsh Bros., Inc.*, 2001 ME 98, ¶ 22, 776 A.2d 1229, 1236–37 (a fact-finder is responsible for assessing the credibility of the witnesses, and may selectively accept, reject, or combine testimony in any way). There is evidence in the record to support the court's findings that Hanna suffers from a disabling medical condition and that Hildings's income is greater than the amount he reported to the authorities. In addition, the court did not err in adjusting Hanna's representation of her monthly expenses. *See Jenkins*, 2001 ME 98, ¶ 22, 776 A.2d at 1236–37.

The entry is:

Judgment affirmed.

---

1. If evidence in fact exists that reveals a violation of the Maine Bar Rules, the matter should be presented to the Board of Overseers of the Bar.M. Bar R. 7.1(a).