2002 ME 143

**Jean C. PALANZA**

v.

**Michael B. LUFKIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 22, 2002.

Decided: Aug. 22, 2002.

Daniel W. Boutin, Jewell & Boutin, P.A., Portland, for plaintiff.

Henry I. Shanoski, Campbell & Assoc., P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Michael B. Lufkin appeals from a partition order entered in the Superior Court (Cumberland County, *Humphrey, J.*). Lufkin contends that the court erred in failing to presume that he had a 50% share as a tenant in common, in crediting Palanza for the cost of the improvements she made to the property instead of crediting her for the resulting increase in the property value, and in failing to offset for Palanza's exclusive possession of the property. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] The court, sitting without a jury, found the following facts. In July 1987, Lufkin purchased a single-family residence situated on about 4.5 acres of land in Harrison, Maine, as a joint tenant with Donna Woodard for $22,000. In March 1995, Woodard conveyed her undivided one-half interest to Palanza for $20,000. Thereafter, Palanza and Lufkin owned the property as tenants in common. The property was in a state of disrepair when Palanza purchased her share: the kitchen plumbing was leaky, causing damage to the flooring; the bathroom fixtures were inadequate; and there were structural problems.

[¶ 3] Palanza and Lufkin both lived on the property until May 1997 when Lufkin departed. At that time, the property was worth approximately $49,000. Palanza continued to reside there until late 2000, paying all maintenance, insurance, and taxes, and renting part of the premises from time to time, but without realizing any profit. The court found that:

> [Palanza] made or arranged for many repairs to the home, including: repair or replacement of most of the fixtures and appliances in the kitchen and bathroom; replacement of electrical wiring throughout the house; repairs to the living room, hallway and upstairs bathroom; repairs to sills and ceiling joists in the barn and the carriage house; replacement of the siding of the barn; repairs to the roof of the house; installation of an artesian well; and replacement of the hot water heater and furnace.... [Palanza] reasonably expended $45,461.87 for these repairs and renovations and ... they were necessary for the integrity, safety and insurability of the premises. [Palanza] has also paid all of the parties' real estate tax obligations on the property totalling $2,679.95. [Lufkin] did not contribute to any of these costs. Thus, [Palanza's] contributions to the property total $48,141.82.

The court expressly disallowed some of the costs claimed by Palanza because it found that one bill was overstated and Palanza's purchase of a wood stove was not a necessary expenditure. After the repairs and renovations, the fair market value of the property was roughly $66,000.

[¶ 4] The court entered a decision and order crediting Palanza with $48,150 for the amount she spent on repairs, renovations, and taxes. The court's order contains an option for Palanza to "[p]urchase and acquire all of [Lufkin's] right, title and interest in the Property by paying to him the sum of $8,925" within 60 days.[1] Pursuant to the order, if she elects not to

---

1. The court apparently took the fair market value of the property ($66,000), deducted the cost of repairs ($48,150), and divided the remaining amount in half to arrive at $8925.

exercise the purchase option, she must sell the property, take $48,150 of the net sale proceeds for herself, and divide the remaining proceeds with Lufkin.

## II. DISCUSSION

### A. Presumption of Equal Ownership Between Tenants in Common

▬ [¶ 5] According to Lufkin, the court erred in awarding Palanza more than half of the property value because there is no evidence in the record to rebut the presumption that they owned equal shares of the property. Palanza contends that the evidence of her investment in the repair and maintenance of the home overcomes the presumption that she was limited to 50% of the property value. She also contends that Lufkin failed to offer evidence regarding the amount of his initial investment in the property.[2]

▬ [¶ 6] "Tenants in common ... are presumed to own equal shares, but this presumption may be overcome by evidence, such as evidence of unequal initial contributions, establishing an intention to have unequal shares." *Bradford v. Dumond*, 675 A.2d 957, 961 (Me.1996).

▬ [¶ 7] In the present case, the court *did* find that the parties had equal shares. The award is lopsided not because the court concluded that Palanza purchased more than a one-half interest in the property, but because the court offset Palanza's expenses for repairs and taxes.

### B. Credit for the Cost of Repairs

[¶ 8] Lufkin contends that the court should have credited Palanza with the increase in the value of the property, not the full cost of the improvements she made. Palanza contends that she made repairs, not improvements, to the house and that the law entitles her to recover for the reasonable cost of necessary repairs beyond her proportionate share.[3]

▬ [¶ 9] "We review the trial court's findings of fact for clear error and will uphold the findings unless there is no evidence to support them." *Hartwell v. Stanley*, 2002 ME 29, ¶ 10, 790 A.2d 607, 611 (quoting *Charlton v. Town of Oxford*, 2001 ME 104 ¶ 28, 774 A.2d 366) (internal quotation marks omitted).

[¶ 10] Our common law regarding equitable partition actions provides some guidance regarding the distinction between necessary repairs and elective improvements. We held that a co-owner who erected a house while in the exclusive possession of that portion of the parties' property was entitled to the "benefit of [the improvements'] value to the estate." *Reed v. Reed*, 68 Me. 568, 571 (1878).[4] By com-

---

2. Palanza further contends that the court failed to credit her for purchasing her share for more than the market value of a one-half interest in the property. Because these claims of error are not raised by a timely appeal or cross-appeal, we do not address her contention. M.R.App. P. 2(b)(3); *Simon v. Town of Kennebunkport*, 417 A.2d 982, 984 n. 2 (Me.1980).

3. Palanza also contends that the court should have credited to her the increased value of the house in addition to the cost of repairs, and that the court erred in accepting the $49,000 appraisal value of the house as it existed before repairs because her estimate of $35,000 was more accurate. Because those claims were not raised by a timely appeal or

cross-appeal, we do not address her contentions. M.R.App. P. 2(b)(3); *Simon*, 417 A.2d at 984 n. 2.

4. The Legislature has also addressed the rights of tenants in common regarding improvements they make to property:

When one of the tenants in common, by mutual consent, has had the exclusive possession of a part of the estate and made improvements thereon, his share shall be assigned from or including such part. The value of the improvements made by a tenant in common shall be considered and the assignment of shares be made in conformity therewith.

14 M.R.S.A. § 6514 (1980).

parison, we held that the cost of repairs could be charged against the property (i.e., recovered, dollar for dollar, from the proceeds) when a mortgagee who took possession of the premises properly made "necessary repairs and improvements to prevent the property from waste." *Miller v. Ward,* 111 Me. 134, 138, 88 A. 400, 402 (1913).

■ [¶ 11] Regarding the cost of maintaining property, "[t]he general principle is that when one cotenant pays more than his share of taxes, mortgage payments, and other necessary expenses, equity imposes on each cotenant the duty to contribute his proportionate share." 59A AM. JUR. 2D *Partition* § 226 (1987); *see, e.g., Biondo v. Powers,* 743 So.2d 161, 164 (Fla.Dist.Ct. App.1999) (stating that a cotenant is entitled to a credit from the proceeds of a partition sale for his cotenant's share of the "obligations or expenses of the property, consisting of mortgage payments, insurance, taxes, and necessary repairs"). By contrast, when a cotenant makes *improvements* to the property, courts generally award that cotenant the resulting increase in the value of the estate, and not the actual cost of the improvements. *See, e.g., Hernandez v. Hernandez,* 645 So.2d 171, 175 (Fla.Dist.Ct.App.1994) (stating that a tenant who makes an improvement to property is entitled to "the additional amount which the property brings because of the improvement" upon a partition sale).

■ [¶ 12] Although some of the work done on the property had a cosmetic element, the court did not commit clear error in finding that the repairs and renovations were necessary. The court expressly excepted certain expenses as unproven or unnecessary, and arrived at a figure that represented only the established necessary expenses. That the premises were insured when Palanza undertook the repairs does

not establish the future insurability of the premises if not maintained. To the extent that any finish work was involved in completing repairs to damaged areas, the court did not commit clear error because each necessary repair also included the finish work that completed the repair. Lufkin does not challenge the court's findings regarding other specific repairs.

## C. Offset for Value of Exclusive Possession

■ [¶ 13] Lufkin contends that the court should have reduced its credit to Palanza for repairs because she enjoyed the exclusive possession of the premises during the time when the repairs were made, and she enjoyed some rental income. Palanza contends that the court did not err in refusing to offset the rental value of the property because Lufkin failed to carry his burden to establish that value. She further contends that the court properly found that she did not realize any net rental income because she had to spend money for the eviction of difficult tenants.

■ [¶ 14] A co-owner's exclusive use of jointly held property is a factor offsetting his expenditures on the property. *Scheetz v. Hartman,* 572 A.2d 140, 142 (Me.1990); *Libby v. Lorrain,* 430 A.2d 37, 40 (Me.1981) (affirming the court's equal division of the proceeds of a partition sale when one co-owner had exclusive possession and paid the mortgage, and the other paid for other household expenses, but lived elsewhere); *see also Rinehart v. Schubel,* 2002 ME 53, ¶ 11, 794 A.2d 73, 77 (holding that the court did not err in denying resident owner compensation for his expenditures on the property during his exclusive possession). The person seeking a set-off has the burden of establishing it. *Weeks v. Standish Hardware & Garage*

*Co.*, 145 Me. 307, 312, 75 A.2d 444, 447 (1950). "We review the trial court's findings of fact for clear error and will uphold the findings unless there is no evidence to support them." *Hartwell*, 2002 ME 29, ¶ 10, 790 A.2d at 611 (internal quotation marks omitted).

[¶ 15] The court did not commit clear error in finding that Palanza derived no net benefit from renting or occupying the property before or during the renovations.[5] More to the point, the house was unsafe and wasting, justifying Palanza's repairs. The court took into account that she had exclusive possession of the premises, but without evidence of the rental value of the property before the improvements, and without evidence that Palanza ousted Lufkin, the court could not find that Palanza owed Lufkin any quantifiable amount. *See Christen v. Christen*, 38 S.W.3d 488, 492 (Mo.Ct.App.2001) (stating that "[t]he rental value the out-of-possession tenant is entitled to is the reasonable rental value of the premises without the improvements made by the tenant in possession") (quoting *Bass v. Rounds*, 811 S.W.2d 775, 782 (Mo.App.1991)) (internal quotation marks omitted); 7 RICHARD R. POWELL, POWELL ON REAL PROPERTY § 50.07[6] (Michael Allan Wolf ed.2001) (stating that "fair rental value of the entire tenancy in common" is chargeable against the cotenant in possession "if the cotenant has excluded the others"). As a result, the court's award was not erroneous.

The entry is:

Judgment affirmed.

---

5. Palanza testified that the tenants damaged the house and failed to pay their rent, thus she evicted them.