*Dionne v. Giancola*, No. 123-2-13 Wrcv (Teachout, J., July 9, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Windsor Unit | Docket No. 123-2-13 Wrcv |


**PATRICIA DIONNE**
        **Plaintiff**

**v.**

**MARY GIANCOLA**
        **Defendant**


### DECISION
### Defendant's Motion for Partial Summary Judgment

The matter before the court is defendant's motion for partial summary judgment, filed March 14, 2014. Defendant is represented by attorney Matthew S. Branchaud. Plaintiff is represented by attorney Jeffrey P. White.

The issues presented by Defendant's motion arise in the context of an action for partition of a residential property, located in Ludlow, Vermont, owned by Plaintiff and Defendant as cotenants. Plaintiff's complaint, filed on February 22, 2013, requests that the court order the property to be partitioned by public or private sale, and that the proceeds thereof be distributed between the parties. Plaintiff also seeks litigation costs and attorney's fees, and asks that these be awarded out of the proceeds of sale.

Defendant filed an answer to the complaint on April 12, 2013 and raises the affirmative defense of "setoff." Defendant claims she is "entitled to reduce or offset any amount payable to plaintiff by the work, labor, and expenses defendant has paid into the camp and property, and/or for the extra value defendant has added to the property's market value." Defendant's answer also requests that the court deny Plaintiff's request for litigation costs and attorney's fees.

As revealed by the parties' motion papers, Plaintiff, during the course of discovery in this matter, intimated that she may also seek a setoff for, among other things, the number of hours she and her spouse spent on tasks related to the property, such as accounting, cleaning, repairs, and maintenance. The responses to Defendant's interrogatories, annexed to Plaintiff's opposition papers, set forth a claim that Plaintiff and her spouse worked a total of 304.5 hours, which, at a self-determined rate of $30/hour, equates to $9135. Plaintiff further states that some of her work resulted in increasing the property's value by "at least $11,000."

Now, by motion for partial summary judgment, Defendant asks that the court: (1) preclude any request from Plaintiff for $11,000 in value added to the property; and (2) deny Plaintiff's request for attorney's fees.

*Equitable Considerations in Partition Actions*

"[T]he goal of partition actions is 'that a cotenant must equally share both the burdens of land ownership (i.e., the responsibility of preserving the land) as well as the benefits.'" *Massey v. Hrostek*, 2009 VT 70, ¶ 21, 186 Vt. 211 (quoting *Parker v. Lambert*, 206 S.W.3d 1, 5 (Tenn. Ct. App. 2006)). "Thus, if 'one cotenant bears a disproportionate share of the burden, the other cotenants must provide compensation,' and 'if one cotenant enjoys a disproportionate share of the benefits, the other cotenants must be compensated' to achieve partition's equitable goals." *Id.*

The Supreme Court has explained that "the statutes dealing with partition of real estate 'should be interpreted to give the trial court as many options as possible to achieve equity between the parties, including an expansive power to assign property to one of the co-tenants.'" *Begin v. Benoit*, 2006 VT 130, ¶ 6, 181 Vt. 553 (quoting *Wilk v. Wilk,* 173 Vt. 343, 346 (2002)). The Court further noted that "partition actions are equitable in nature and that in such actions, courts should consider all relevant circumstances to ensure that complete justice is done." *Begin*, 2006 VT 130, ¶6 (quotation and citation omitted). Accordingly, it is appropriate to consider a cotenant's "prior financial contributions to the property in an effort to equitably divide the parties' interests." *Id.*

The Court went on to clarify that in making these considerations, it "must restrict itself to the contributions made to the real property and that to do otherwise would be beyond the scope of 12 V.S.A. § 5161." *Id.* ¶ 9 (quotation omitted). This principle, that courts are restricted to considering the financial contributions made to the real property itself, was repeated in *Whippie v. O'Connor ("Whippie I")*, 2010 VT 32, ¶¶ 4, 26, 187 Vt. 523, where the Court referred to the plaintiff's payments for "personal needs," "credit card debt," and "purchases for the parties' children" as "not relevant to partition."

The related series of decisions, commencing with *Whippie I*, contains the Court's most recent iteration of the standard for allocation of property in partition actions:[1]

> [T]he partitioning court should split the property in half and then consider equitable factors in the following order. First, the court may determine the contributions of each party towards the actual expenses of the house, including mortgage, insurance, taxes, utilities, repairs, and improvements. These contributions can credit a party for payment of other expenses, but only where, by agreement with the other cotenants, the claiming party paid more than its pro-rata share of such other expenses in lieu of a pro-

---

[1] The standard set forth in *Whippie I* should be utilized "[a]bsent a compelling alternative approach." *Whippie I*, 2010 VT 32, ¶ 15. This court finds no "compelling alternative" here.

2

rata contribution to its shared obligation on the real property bills. Second, the court should credit against contribution claims a rental value offset for any period of exclusion of a party ousted from the premises by the cotenants in possession. The court should next consider other equities cognizable in partition and then any allocation of costs and fees arising from partition.

*Id*. ¶ 15. Later, in *Whippie v. O'Connor ("Whippie II")*, 2011 VT 97, 190 Vt. 600, the Court, drawing from its opinion in *Massey*, state\d that because allocation in partition is "based on the principle that all tenants share equally in the burdens and responsibilities of ownership," "'a cotenant who pays necessary maintenance costs associated with jointly owned property is entitled to a setoff for the other tenant's portion of those costs.'" *Id*., 2011 VT 97, ¶ 13 (quoting *Massey*, 2009 VT 70, ¶¶ 21–22 (holding that it was proper to credit cotenant for costs of property taxes, necessary utilities, house cleaning services, insurance, maintenance, and pest control, but not for the costs of telephone and television services, as these costs were not necessary to maintain the property)).

Here, this court will consider the contributions made by either party to the property's "necessary" expenditures. However, when reviewing the cotenants' contributions to "necessary" expenditures in the above-cited cases, the review has been limited to only considering monetary payments, not the value of any hours worked by the cotenants themselves. Whereas Defendant's instant motion does not specifically address Plaintiff's claim of $9135 for her and her spouse's time and labor, both parties are advised that when considering "necessary" expenditures as a setoff for either party, this court may consider what the parties actually paid, but will not engage in effectively establishing and crediting an hourly wage for the parties' work.

This court may, however, consider the parties' time and labor to the extent any work increased the value of the property. See *Massey*, 2009 VT 70, ¶ 23 (citing *Palanza v. Lufkin*, 2002 ME 143, ¶ 11, 804 A.2d 1141; *Hernandez v. Hernandez,* 645 So.2d 171, 175 (Fla. Dist. Ct. App. 1994)). This principle applies both to time and labor spent on "necessary" matters, as well as any "discretionary improvements" to the property. See *id*.; *Whippie II*, 2011 VT 97, ¶ 13. With respect to any "discretionary improvements," the parties may only be credited for the "resultant increase in fair market value, *not* for the actual costs." *Massey*, 2009 VT 70, ¶ 23 (emphasis in original).[2]

---

[2] The *Massey* Court further explained that the difference between "necessary" items and "discretionary improvements" arises from the "unnecessary-even if desirable-nature of improvements"—"[t]he improving tenant could choose, without detriment to the property, not to undertake discretionary improvements." *Massey*, 2009 VT 70, ¶ 23. "The improvement must not be a foolish or an improvident one, or merely to meet the whim or caprice of the improver. The right to compensation and the extent of the allowance are determined by the resulting increase and enhancement in the value of the property, not the cost of the improvement." *Id*. (quotation and citation omitted).

The party claiming any increased valued to the property bears the burden of demonstrating the amount by which the value of the property was enhanced by that party's efforts.  See *id.*

Defendant seeks a ruling that Plaintiff is precluded from claiming credit for $11,000 in increased property value, but, as explained above, a credit may or may not be appropriate; there is an insufficient factual basis on which to base a summary judgment ruling.  The measure of any possible credit, however, would not be time and labor expended, but rather enhancement to property value.  Matters of fact remain as to whether the property has increased in value over the course of the parties' cotenancy and how, if at all, any increase in value is attributable to either party.  Therefore, at this time, Defendant's request that Plaintiff be precluded from seeking this relief is denied.

*Litigation Costs and Attorney's Fees in Partition Actions*

Defendant further requests that Plaintiff be barred from seeking litigation costs and attorney's fees.  In their motion papers, both parties correctly note that in Vermont, "[a]bsent a statutory or contractual provision, we apply the 'American Rule' that requires parties to bear their own attorney's fees." *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 76, 179 Vt. 167 (citing *DJ Painting, Inc. v. Baraw Enters.*, 172 Vt. 239, 246 (2001)).  This portion of Defendant's motion for partial summary judgment is therefore granted.

## ORDER

Defendant's Motion for Partial Summary Judgment is *denied* as to Plaintiff's claim for enhancement to property value, and *granted* as to attorneys' fees.

Dated this ___ day of July, 2014.

_____
Mary Miles Teachout
Superior Court Judge

4