STATE OF MAINE                                    SUPERIOR COURT
AROOSTOOK, ss.                                    LOCATION: Caribou
                                                  Docket No. CARSC-RE-2021-024

Melissa Tompkins,                    )
                 Plaintiff           )
v.                                   )
                                     )
Jordan Buhro,                        )            JUDGMENT OF PARTITION
                 Defendant           )
                                     )
Maine State Housing Authority,       )
                 Party in Interest   )

Currently pending is Plaintiff's Complaint for Partition of Real Estate. A bench trial was conducted in Caribou on May 3, 2022. Plaintiff was present, represented by Jefferson Ashby, Esq. Defendant was present, representing himself. The Party in Interest was present, represented by Kady Huff, Esq. After hearing and based upon the evidence presented, the court makes the following findings of fact, conclusions of law, and resulting judgment:

## Background

Plaintiff and Defendant are the owners of a parcel of real estate situated at 12 Dumond Road, Fort Fairfield, Maine (hereinafter "the Property"). The Property consists of a single family home and land. The Property was acquired by the parties by Warranty Deed of Ashley Ames to Melissa Ann Tompkins and Jordan Chris Buhro as joint tenants dated September 7, 2017 and recorded in the Southern Aroostook County Registry of Deeds at Book 5699, Page 51. *See, Plaintiff's Exhibit 1.* At the time of the purchase, the Plaintiff and Defendant had been in a relationship for approximately five years. The

parties did have a down payment for the purchase, but neither party provided credible evidence as to the amount or source of the down payment. The parties financed the balance of the purchase price by obtaining a loan from Machias Savings Bank in the amount of $85,858.00. *See, Plaintiff's Exhibit 2.* The loan was secured by a mortgage on the Property dated September 8, 2017 and recorded in the Southern Aroostook County Registry of Deeds at Book 5699, Page 55. *See, Plaintiff's Exhibit 3.* Machias Savings Bank assigned the Mortgage to Maine State Housing Authority by Assignment dated October 10, 2017 and recorded in the Southern Aroostook County Registry of Deeds at Book 5736, Page 73. *See, Plaintiff's Exhibit 4.*

The parties resided on the Property together until 2018 when Plaintiff moved out. While both parties were residing at the Property, they both contributed to the payment of the mortgage and expenses related to the Property. At the time Plaintiff moved out, the parties agreed that Defendant would retain possession of the Property and he would refinance the indebtedness to remove Plaintiff from the obligation. From the outset, Plaintiff has maintained the position that she was not seeking to recover any funds for her share of the equity in the Property, she was merely seeking to walk away and be relieved of the obligation on the promissory note and mortgage. Despite repeated attempts by Plaintiff to contact Defendant to discuss the refinance, Defendant has essentially ignored Plaintiff.

From 2018 through to the date of the hearing, Defendant has been in exclusive possession of the Property. He has paid nearly all of the expenses related to the property including the mortgage, taxes, insurance, and upkeep with the exception of one payment

on the mortgage by Plaintiff in the amount of $659.00 on September 28, 2020. *See, Plaintiff's Exhibit 9.* Plaintiff made this payment after receiving delinquency notices from the servicer for the Maine State Housing Authority. *See, Plaintiff's Exhibit 6.* Curiously, all notices related to the mortgage from the servicer and from the insurer of the Property went to Plaintiff in Sidney, Maine and not to the Defendant at the Property. *See, Plaintiff's Exhibits 6 and 7.* Plaintiff never communicated to Defendant about any delinquency notices related to either the mortgage or the insurance.

While occupying the Property, Defendant did perform maintenance and some improvements to the Property. He expended $250 for painting and $400 for wood for hallway improvements. Defendant also installed a new heat pump hot water heater, but there was insufficient evidence as to the cost associated with this upgrade. There was insufficient credible evidence for the court to determine the value of Defendant's labor in making the improvements. His estimated figure of $10,000 in improvements was not supported by the evidence at trial. Defendant estimates that with the current real estate market, the Property is likely worth over $100,000.00. As of April 22, 2022, the net payoff of the mortgage indebtedness was $77,192.05. *See, Plaintiff's Exhibit 5.*

Beginning in August of 2018, Plaintiff took steps to proceed through an attorney to facilitate the release of her interest in the real estate to Defendant in exchange for his refinance of the indebtedness. *See, Plaintiff's Exhibit 10.* Defendant made an effort to refinance the Property on the eve of trial and was rejected. *See, Defendant's Exhibits A and B.*

There have been no further convenances related to the Property. Maine State Housing Authority maintains a first position security interest in the Property by virtue of its mortgage. Plaintiff seeks partition by sale and seeks to waive any equity interest in the Property in accordance with their agreement at the time she left the property. Defendant seeks to have the Property set aside to him. Maine State Housing Authority takes no position on the case, provided its first position security interest is recognized.

## Discussion

Pursuant to 14 M.R.S.A. §6501, "[p]ersons seized or having a right of entry into real estate in fee simple or for life, as tenants in common or joint tenants, may be compelled to divide the same by a civil action for partition." Statutory partition may be carried out only by physical division of the jointly owned real estate or time-sharing of its use. *See, Libby v. Lorain*, 430 A.2d 37, 39 (Me. 1981)(*Citing, Hanson v. Willard*, 12 Me. 142 (1835). Given the composition of the Property, the court finds that a physical division of the property is impractical. Given the relationship between the parties as evidenced by their presentation during the hearing, any type of time-sharing would be unworkable and result only in further conflict that would materially injure the rights of the parties. *Id.*(*Citing, Williams v. Coombs*, 88 Me. 183(1895). "Partition is also available to joint owners of real estate through the equity jurisdiction of the Superior Court." *Id.; 14 M.R.S.A. §§6051(7) and (13)*.

Defendant contends that the Property should not be sold and that the Property should be set aside to him. In this respect, this case is very similar to the *Libby v. Lorain* case. In that matter, Mrs. Lorain had been living in the home for many years and sought

the same relief as requested by Defendant herein. The Law Court noted, "the Superior Court had no choice but to reject that alternative mode of partition. Mrs. Lorain failed to show that she had the financial capacity to arrange to have Libby discharged from the mortgage obligation and pay him an amount equal to one half of their equity in the property. Without Mrs. Lorain's being able to carry out her side of a 'partition by buy-out,' the court could not equitably honor her request." *Libby v. Lorain*, 430 A.2d 37, 39-40 (Me. 1981).

The evidence presented by Defendant was that he cannot refinance at this time to remove Plaintiff from the indebtedness. Therefore, the only viable method of partition is equitable partition by sale. Given the costs associated with a sale, Defendant shall be permitted an additional window of time to effectuate the refinance. In the event he continues to be unable to do so within the time period identified, the Property shall be sold.

In the event the property is sold in accordance with this Judgment, the court must allocate the division of the sales proceeds after deductions for the costs of sale. As noted above, since the separation of the parties Defendant has been maintaining the Property. "Regarding the cost of maintaining property, 'the general principle is that when one cotenant pays more than his share of taxes, mortgage payments, and other necessary expenses, equity imposes on each cotenant the duty to contribute his proportionate share.' 59A Am. Jur. 2d *Partition* § 226 (1987); *see, e.g., Biondo v. Powers*, 743 So. 2d 161, 164 (Fla. Dist. Ct. App. 1999) (stating that a cotenant is entitled to a credit from the proceeds of a partition sale for his cotenant's share of the 'obligations or expenses of the property,

consisting of mortgage payments, insurance, taxes, and necessary repairs')." *Palanza v. Lufkin*, 2002 ME 143, P11, 804 A.2d 1141, 1145. In this matter, the Defendant has also had exclusive possession and use of the property since the separation by agreement of the parties. *Id.* at ¶14 ("A co-owner's exclusive use of jointly held property is a factor offsetting his expenditures on the property"). The court finds that the Plaintiff is entitled to such an offset and that an equitable division would entail an award of the sale proceeds above the costs of sale and the mortgage indebtedness to Defendant for his maintenance and improvements.

**Judgment is hereby GRANTED in favor of Plaintiff on her complaint and equitable partition is ordered, as follows:**

1. This Judgment pertains to that certain lot or parcel of land, together with the buildings and improvements thereon, situated at 12 Dumont Road, Fort Fairfield, Maine, being more particularly referenced and described in the Warranty Deed of Ashley Ames to Melissa Ann Tompkins and Jordan Chris Buhro as joint tenants dated September 7, 2017 and recorded in the Southern Aroostook County Registry of Deeds at Book 5699, Page 51. The Property is hereby set aside to the parties as Tenants in Common, subject the provisions set forth in this Judgment of Partition.

2. **Refinance Option**. Within 90 days from the date on which this Judgment becomes final, Defendant shall either:

   a. Refinance the entire outstanding indebtedness regarding the Property in his name alone, removing Plaintiff from any such obligation; or

   b. Send written notice to Plaintiff by United States mail, postage prepaid, at her last known address that he elects not to exercise this Refinance Option.

   c. During this Refinance Option period, Defendant shall be entitled to exclusive possession of the Property and shall be responsible for all maintenance, taxes, insurance, mortgage payments, and expenses related to the Property.

   d. Plaintiff shall execute and deliver any and all documentation reasonably necessary to effectuate the refinance upon request.

e. In the event the Refinance Option is not exercised by Defendant, Defendant shall quit and deliver possession of the Property to Plaintiff the earlier of 100 days from the date on which this Judgment becomes final or seven (7) days after the date of the notice to Plaintiff as referenced in paragraph 2(b) above.

3. **Sale Option**: If Defendant does not exercise such Refinance Option, then no later than the 100th day following the date on which this Judgment becomes final, Plaintiff shall cause the Property to be listed for sale and sold and, to this end, she shall have sole and exclusive authority to do the following:

   a. Plaintiff shall designate and engage the services of a licensed real estate broker or brokers to list and sell the Property in a commercially reasonable manner at a price reasonably approximating its fair market value based upon the recommendation(s) and advice of such broker(s);

   b. Plaintiff is hereby granted authority to act and shall act in good faith as the authorized agent of Defendant regarding the sale of the Property. Plaintiff is granted specific authority to execute and deliver any and all deeds, declarations, releases, and transfer documents necessary to effectuate the sale of the Property in Defendant's stead;

   c. Plaintiff shall enter into and execute a bona fide contract for the sale of the Property and thereafter transfer and convey all of Plaintiff's and Defendant's right, title and interest in and to the Property to a bona fide purchaser by deed;

   d. The net sales proceeds shall be paid and applied in the following order of priority:
      i. All sums necessary to pay off the mortgage indebtedness to Maine State Housing Authority;
      ii. Reimbursement to Plaintiff for any costs or expenses related to the Property from the surrender of the premises by Defendant through the date of closing; and
      iii. The remaining balance, if any, shall be distributed to Defendant.

   e. For the purposes of this Judgment, "net sales proceeds" shall mean the gross proceeds from the sale of the Property less
      i. Payoff amounts for all liens and encumbrances on the Property jointly owed by the parties;
      ii. Real estate broker's commission(s);
      iii. All usual and customary closing costs, including, but not limited to, real estate taxes and adjustments; and

iv. Reasonable attorney's fees incurred by Plaintiff relating to and/or in any way connected with listing, selling and/or closing the Property pursuant to this Judgment.

f. Following the completed closing transaction, Plaintiff shall forthwith transmit to Defendant a bank or certified check for his share of the remaining balance of the net sales proceeds, as aforesaid, together with a written report and accounting of the sale.

4. **Writ of Possession**: Defendant is hereby directed to quit and vacate the Property on or before 5:00 p.m. on the 100th day from the date on which this Judgment becomes final or seven (7) days after sending the notice to Plaintiff as referenced in paragraph 2(b) above. Writ of Possession to issue after 100 days from the date on which this Judgment becomes final or seven (7) days after the date of Defendant's notice as referenced in paragraph 2(b) above, whichever sooner occurs, upon request. Defendant shall in no way cause damage or permit waste to occur on the Property before or after he surrenders possession of the Premises.

This Judgment is binding upon, and shall inure to the benefit of, the parties, their heirs, successors, personal representatives and assigns.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference.

Dated: _May 10, 2022_

_____
Justice, Maine Superior Court

ENTERED ON THE DOCKET _5/11/22_