STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-REA-2023-00010

THOMAS J. CONNOR and
ALYSSA K. MAZEIKA,

    Plaintiffs/Counterclaim-Defendants,

v.

                                          ORDER

ALICE MAZEIKA and
DAVID MAZEIKA,

    Defendants/Counterclaim-Plaintiffs.

This matter came before the court for a bench trial on the Complaint and Counterclaim seeking partition. The Plaintiffs, Jordan (Thomas goes by Jordan) and Alyssa, seek a partition by sale and disposition of the proceeds. The Defendants, Alice and David, dispute that a partition is necessary. If there must be a partition, then they ask that the court physically divide the property by the creation of a condominium. As described below, the court orders the sale of the property under the following conditions.

The court finds the following facts. Jordan, Alyssa, Alice and David each own a twenty-five percent interest in real property as tenants in common. Alice and David are the parents of Alyssa. Jordan is Alyssa's husband. The property is a two-unit residential property on a single lot on Goose Rocks Beach that would be used as a rental property. The parties' intent was that income from the property would satisfy the parties' mortgage and expenses, and that the property could be used by the parties as a vacation locale when available.

The parties had strongly different ideas on the nature of Alice and David's role. There is no written agreement or even correspondence before the court. Recollections of the parties' intents differ and may have evolved over time. There were certainly misunderstandings. Jordan and

1

Alyssa felt that Alice and David's investment of $105,000 was a "bridge loan" and that when they paid it off, the parents' interest would be satisfied. Alice and David felt as though they were owners joining Jordan and Alyssa in a long-term investment. The facts that are clear are that all four were owners who were on the purchase and sale agreement and the deed, but only Jordan and Alyssa were on the note. Alice and David played a significant role in property maintenance and in setting up the physical property for rentals. Alyssa, until Spring, 2023, played a significant part managing the rentals. Beginning soon after closing, the parties disagreed about each parties' role in the property and stopped communicating. By Spring 2023, they were unable to work together at all, causing confusion in the process of renting the units. Because the court decides that partition by sale is the best available remedy given these facts, the court need not decide the details of the parties' relationship.

Statutory partition may be carried out only by physical division of the jointly owned real property. 14 M.R.S.A. § 6501 (2023); *Libby v. Lorrain*, 430 A.2d 37, 39 (Me. 1981). Equitable partition is a more flexible procedure than the statutory action for partition. *Libby*, 430 A.2d at 39. Remedies may include physical division of the property, ordering a sale of the property, or allowing a buyout of the property. *Id.* Physical division of the property is not appropriate if physical division would materially injure the rights of the parties. *See Murphy v. Daley*, 582 A.2d 1212, 1213 (Me. 1990).

The court is not aware of a specific showing that a party seeking the statutory partition needs to make before the court grants a partition. The law that exists suggests a party can obtain a statutory partition merely by asking. § 6501 ("parties may be compelled to divide [property] by a civil action for partition"); *Hanson v. Willard*, 12 Me. 142, 147 (1835) ("petitioner …may claim of right to have partition made and his share set off and divided from the rest, however

2

inconvenient it may be to make such partition, or however much the other co-tenants, or the common property may be injured thereby"), *see also, Hoadley v. Wheelwright*, 131 Me. 435, 435, 163 A. 790, 791 (1933) ("The purpose of the statute authorizing partition of real estate is to eliminate by a simple and inexpensive procedure the evils and injustices which often are incident to the holding of land in common or joint tenancy. As the common owners have equal rights in the use and enjoyment of the estate, serious injury is likely to occur to the interests of all if they are not in accord in its management. To meet this difficulty, the statutes provide for a prompt division of their respective interests."). The court sees no reason why the same principle should not apply to an equitable partition.

Therefore, the court grants the Plaintiffs a partition. Even if the right to partition is not permitted merely for the asking, the court finds based on the evidence at the hearing that the parties are not in accord on the management of the property, warranting a partition.

The court next addresses Defendants' request that the property be physically divided in the form of a condominium where each of the parties would own a condominium unit. The court finds that it could not be done without materially injuring the rights of the parties. The burden of financing would fall on the Plaintiffs and is unknown. The burden of attorneys' fees setting up the condominium would fall on the parties with no expectation of easy agreement. Ultimately, the court cannot compel any party to enter this type of relationship.

That leaves the option of partition by sale as the only option. The court orders a partition by sale. The parties have stipulated to most of the relevant facts regarding the payout of the proceeds; the court addresses two outstanding issues.

The first is the method of sale. Given the parties' inability to agree on management of the property, the court finds they will be unable to cooperate in the sale of the property. The Plaintiffs

3

have sole control of the sale of the property and shall have final authority in any issue regarding sale, including but not limited to the choice of broker, preparation for sale, and with the exception of any rental agreement applying to 2023 occupancy, sole possession of the property for the purpose of preparing for sale. The only testimony regarding value of the property is a value $1.7 million. In the event of a purchase and sale agreement for less than $1,530,000, Defendants will have the ability to petition the court for a declaration that any proposed sale price is not in accordance with market conditions. Otherwise, Plaintiffs will have sole authority to determine the sale price.

The parties will split the cost of the realtor. Otherwise, given that Plaintiffs drove the purchase of the property, now will drive the sale of the property, and that the court is granting them control over sale of the property, as well as to reduce conflict over the costs or timing of sale, the court finds that equity dictates that Plaintiffs bear all the costs of sale and carrying costs of the property from now until the sale.

The second issue is Plaintiffs' entitlement to the mortgage payments and the renter deposit returns that the Plaintiffs incurred that are not in the amounts that the parties stipulated each party put into the property. Generally, a party is entitled to reimbursement when that party has paid more than his share of necessary expenses. *Palanza v. Lufkin*, 2002 ME 143, ¶ 11, 804 A.2d 1141. The court finds the mortgage payments were necessary expenses and total $19,237.45. The court agrees it was necessary to refund renters their security deposits if their tenancy was terminated, but remains unsure why termination was necessary. The Plaintiffs provided some evidence it was the result of Alice's conduct, but there was also evidence it was a result of a general lack of communication and possibly part of a tit for tat in the parties' litigation strategy. The Plaintiffs have not met their burden to show the expenses were necessary.

4

Therefore, the court grants the Plaintiffs' request for partition by sale under the following terms.

1. The Plaintiffs have sole control of the sale of the property and shall have final authority in any issue regarding sale, including but not limited to the choice of broker, preparation for sale, and with the exception of any rental agreement applying to 2023 occupancy, sole possession of the property for the purpose of preparing for sale.

2. In the event of a purchase and sale agreement for less than $1,530,000, Defendants will have the ability to petition the court for a declaration that the proposed sale price is not reasonable given the market conditions. Otherwise, Plaintiffs will have sole authority to determine the sale price.

3. The parties will evenly split the cost of the realtor. Plaintiffs bear all other costs of sale and carrying costs of the property from now until the sale.

4. The sale proceeds will be divided as follows.

   - First, to pay the realtor. Remaining closing costs are to be satisfied by the Plaintiffs.

   - Second, to resolve the rights of Camden National Bank.

   - Third, to satisfy the Plaintiffs' claims of $182,344.62 and the Defendants' claim in the amount of $105,000, each having equal priority.

   - Fourth, to satisfy the Plaintiffs' claim of unreimbursed expenses of $19,237.45.

   - Any balance to be divided evenly between the parties.

5. The court will retain jurisdiction until the sale of the property and the distribution of the proceeds. Once the proceeds have been distributed, the case will be dismissed upon stipulation or motion. The court will set a status conference in January 2024 if the case has not yet been dismissed.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 9/7/23

Thomas R. McKeon
Justice, Business and Consumer Court

Entered on the docket: 09/07/2023

5