**Stephen E. BEALE**

v.

**Donald D. CHISHOLM.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 11, 1993.

Decided June 4, 1993.

Elizabeth G. Knox, Thompson & Bowie, Portland, for plaintiff.

Donald Chisholm, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Donald Chisholm appeals from the summary judgment on the issue of liability entered in the Superior Court (Cumberland County, *Cole, J.*) in favor of Stephen Beale, personally and as the representative of the estate of his deceased father, Robert Beale, on Beale's complaint for Chisholm's alleged negligent infliction of emotional distress on Beale, Robert Beale's conscious pain and suffering prior to his death, *see* 18–A M.R.S.A. § 2–804(c) (1981), and the wrongful death of Robert Beale. *See* 18–A M.R.S.A. § 2–804(a)–(b) (1981 & Supp. 1992). Chisholm also appeals from the summary judgment (*Brodrick, J.*) in favor of Beale on Chisholm's counterclaim seeking damages for Robert Beale's alleged negligence. There is some confusion in Chisholm's brief and in the record before us. Because, however, the issues of liability and damages are inextricably intertwined, we review the record for obvious error. *See* M.R.Civ.P. 61. We hold that the trial court's determination, as a matter of law, that Chisholm's prior conviction for the death of Robert Beale precluded him from litigating the issues presented in this case, was obvious error. Accordingly, we vacate the judgments.[1]

Chisholm was charged with causing the death of Robert Beale in violation of 17–A M.R.S.A. § 203(1)(A) (Supp.1992).[2] This charge stemmed from Chisholm's involvement in a head-on collision of two cars on Commercial Street in Portland. At a jury-waived trial, the State presented evidence that an intoxicated Chisholm drove his car across the center line of Commercial Street into the opposing lane and collided with an oncoming car, killing its driver, Robert Beale. In his defense, Chisholm presented evidence that his car had not strayed from its lane; rather, that Robert Beale had caused the collision by negligently driving *his* car across the center line. We affirmed the judgment entered on the trial court's conviction of Chisholm for manslaughter. *See State v. Chisholm,* 565 A.2d 92, 95 (Me.1989). Stephen Beale then brought this civil action against Chisholm and successfully moved for summary judgments as to the liability issues raised by his complaint and as to all issues raised by Chisholm's counterclaim.

---

1. Since we vacate the summary judgments against Chisholm, we need not address his contention that ineffective assistance of counsel during the appeal of his conviction renders issue preclusion inappropriate.

2. 17–A M.R.S.A. § 203(1)(A) provides in pertinent part:

   1. A person is guilty of manslaughter if that person:
   A. Recklessly, or with criminal negligence, causes the death of another human being.
   17–A M.R.S.A. § 33 (1983) provides in pertinent part:
   [C]ausation may be found where the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant was clearly insufficient.
   17–A M.R.S.A. § 35 (1983) (Definitions) provides in pertinent part:
   3. "Recklessly."
   A. A person acts recklessly with respect to a result of his conduct when he consciously disregards a risk that his conduct will cause such a result.
   . . . .
   4. "Criminal Negligence."
   A. A person acts with criminal negligence with respect to a result of his conduct when he fails to be aware of a risk that his conduct will cause such a result.

Beale based his motions for summary judgments on the doctrine of issue preclusion, alleging that all genuine issues of material fact alleged in Beale's complaint and all issues raised by Chisholm's counterclaim relating to Chisholm's liability had been conclusively determined against Chisholm by Chisholm's criminal conviction. In support of his motions, Beale relied solely on the pleadings in the instant case and the transcript of the criminal proceedings against Chisholm.

On an appeal from a summary judgment, we review the record in the light most favorable to the losing party to determine whether it supports the trial court's decision that there were no genuine issues of material fact and that the successful party was entitled to a judgment as a matter of law. *Chalet Susse Intern., Inc. v. Mobil Oil Corp.*, 597 A.2d 1350, 1352 (Me. 1991). When a criminal proceeding terminates in a final judgment of conviction, the convicted party is precluded from relitigating the issues *essential* to that conviction in subsequent civil actions. *Hanover Ins. Co. v. Hayward*, 464 A.2d 156, 160 (Me. 1983). Beale's claims for the damages suffered by him from Chisholm's alleged negligent infliction of emotional distress and for the conscious pain and suffering of Robert Beale, however, presuppose the establishment of facts that were not essential to Chisholm's conviction. An action for the negligent infliction of emotional distress is premised on the factual finding that the complainant's suffering was *foreseeable*, *Bolton v. Caine*, 584 A.2d 615, 618 (Me. 1990), and a claim for the conscious pain and suffering of a decedent demands a factual determination that the decedent experienced a period of conscious pain and suffering prior to death. 18-A M.R.S.A. § 2-804(c). Since these factual findings were not essential to the validity of the manslaughter conviction, Chisholm is not precluded from challenging these allegations in the present action.

Nor is Chisholm precluded from challenging the issue of his liability for Robert Beale's wrongful death or the issue of Robert Beale's negligence as alleged in Chisholm's counterclaim. Beale makes two arguments in favor of preclusion: First, he contends that at the trial of Chisholm for the charged manslaughter of Robert Beale the court was presented with alternative, distinct versions of the collision, each of which presumed that one party was *completely* at fault and that by its verdict the court implicitly determined that Robert Beale was free of any negligence. We disagree. "If issues are determined but the judgment is not *dependent* upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta...." Restatement (Second) of *Judgments*, § 27 comment h (1982) (emphasis added). The critical distinction for the purpose of issue preclusion between those findings that are essential to a judgment and those that are not stems from the recognition that "the tribunal that decided the first case may not have taken sufficient care in determining an issue that did not affect the result, even though the parties vigorously litigated the issue," and that "appellate review may not be available to ensure the quality of the initial decision." 18 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4421 at 193 (1981). A criminal conviction for manslaughter is not predicated on an absence of negligence by the decedent. Even if a decedent were negligent, a defendant could be convicted if the decedent's negligence operating alone would not have caused the decedent's death *or* the defendant's negligence operating alone would have caused the decedent's death. *See* 17-A M.R.S.A. § 33 (1983). Accordingly, in this case, it cannot be said that Chisholm's manslaughter conviction was necessarily premised on a finding that Robert Beale was free of negligence at the time of the collision.

Beale further contends that Chisholm's conviction establishes that Robert Beale's negligence, if any, must have been of a lesser degree than Chisholm's. We disagree. Pursuant to the Maine Comparative Negligence Act, 14 M.R.S.A. § 156 (1980), there are "two separate and distinct procedures [in a civil negligence action], the first which may be viewed as the liabili-

ty phase of the process, and the second phase which involves the just and equitable apportionment of the damages between mutually blameworthy parties." *Jackson v. Frederick's Motor Inn,* 418 A.2d 168, 172 (Me.1980). In the liability phase the factfinder must "measure the quantum of the causative impact of the improper conduct of the parties to determine whether the defendant must respond in damages to any degree...." *Id.* at 173. The factfinder "must consider in its assessment of causative fault the several degree factors which lie in the range of fault-conduct from trivial inadvertence to the grossest recklessness." *Id.* "The greater fault does not necessarily depend upon the greater number of individual negligent acts." *Id.* If the defendant's liability has been determined by a comparison of the relative causative fault of the parties, then in the damages phase, pursuant to section 156, the factfinder must apportion the award of damages by reducing "the total damages by dollars and cents, and not by percentage, to the extent deemed just and equitable, having regard to the claimant's share in the responsibility for the damages." *Id.* at 174.

In the context of the criminal proceedings against Chisholm, it was not essential to his conviction that the relative causative fault of Robert Beale and of Chisholm be determined. Accordingly, Chisholm is not precluded from litigating that issue in the present proceedings in which the award of damages, if any, necessitates its determination. Since there are genuine issues of material fact both as to liability and damages in the present case, the trial court erred in determining that Stephen E. Beale was entitled to summary judgments as a matter of law.

The entry is:

Judgments vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.