MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2022 ME 63
Docket:        And-22-41
Argued:        October 5, 2022
Decided:       December 29, 2022

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

JAMIE D. PACHECO

v.

LIBBY O'BRIEN KINGSLEY & CHAMPION, LLC, et al.

CONNORS, J.

[¶1]  Jamie D. Pacheco appeals from a judgment of the Superior Court (Androscoggin County, *Stewart, J.*) dismissing her tort complaint as being barred by the doctrine of issue preclusion.[1]  We agree with Pacheco that issue preclusion does not bar her suit and therefore vacate the dismissal of the relevant counts of her action.

## I.  BACKGROUND

[¶2]  Because the trial court acted on a motion to dismiss the complaint, "[t]he following substantive facts are taken from the allegations in the complaint and are viewed as if they were admitted." *20 Thames St. LLC v. Ocean*

---

[1]  Pacheco also asserts that the trial court abused its discretion in denying her post-dismissal motion for leave to amend her complaint.  Given our holding, we do not address this argument.

2

*State Job Lot of Me. 2017 LLC*, 2021 ME 33, ¶ 2, 252 A.3d 516.  The procedural history is derived from the record.  *Id.*

[¶3]  In 2015, Pacheco filed a complaint for divorce against her now ex-husband.  Her ex-husband was represented by Gene Libby, Esq. and Libby O'Brien Kingsley & Champion, LLC, (collectively, the Firm) throughout the divorce proceedings.  In those proceedings, at a hearing before a referee, Pacheco moved for a mistrial on the ground of surprise because the Firm had failed to copy her attorney on a subpoena requesting her counseling records from her therapist.[2]  The referee denied Pacheco's motion and found, inter alia, that the Firm's failure to copy Pacheco's attorney on the subpoena was inadvertent.  The Firm was unsuccessful in its attempt to use or admit the subpoenaed records during the hearing.

[¶4]  In 2021, after the conclusion of the divorce proceedings, Pacheco filed the instant action in the Superior Court against the Firm, asserting claims of abuse of process and intentional infliction of emotional distress (IIED).[3]  The

---

[2]  Although Pacheco's tort complaint did not reference the docket entries or court orders in the divorce proceedings, we take judicial notice of them.  *See In re Jonas*, 2017 ME 115, ¶ 38 n.10, 164 A.3d 120.

[3]  The tort complaint also included a claim for negligent infliction of emotional distress (NIED), but Pacheco has not opposed the Firm's motion to dismiss the NIED claim, conceding that the Firm did not owe her a duty of care.  We affirm the dismissal of the NIED claim on that ground and do not

gist of her claims is that the Firm abused the legal process by obtaining a full set of her counseling records, which included materials that she did not want her ex-husband to see, and the disclosure of which has caused her great distress.[4]

[¶5]  The Firm moved to dismiss, arguing that her complaint was barred by both branches of res judicata—claim preclusion and issue preclusion.  Citing *Henriksen v. Cameron*, 622 A.2d 1135, 1141-42 (Me. 1993), the trial court correctly determined that claim preclusion did not bar her suit but ruled that the findings in the referee's order collaterally estopped Pacheco from pursuing her tort claims.  Pacheco timely appealed the dismissal.  *See* 14 M.R.S. § 1851 (2022); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶6]  "We review the grant of a motion to dismiss de novo, viewing the factual allegations in the complaint as if they were admitted and in the light most favorable to the plaintiff." *Estate of Treworgy v. Comm'r, Dep't of Health & Hum. Servs.*, 2017 ME 179, ¶ 10, 169 A.3d 416 (quotation marks omitted).  Even

---

discuss it further. *See Barnes v. McGough*, 623 A.2d 144, 146 (Me. 1993); *McDonald v. City of Portland*, 2020 ME 119, ¶ 22, 239 A.3d 662.

4  Although not reflected in the allegations contained in her tort complaint, according to Pacheco's brief, prior to the Firm subpoenaing Pacheco's counseling records from her therapist, Pacheco had supplied only a redacted set of those records to her ex-husband.

4

though the facts as presented are presumed true, we are not bound to accept the complaint's legal conclusions. *Collins v. State*, 2000 ME 85, ¶ 4, 750 A.2d 1257. Additionally, "[w]e examine de novo the legal question of whether the trial court correctly applied the doctrine of res judicata." *Estate of Treworgy*, 2017 ME 179, ¶ 10, 169 A.3d 416.

[¶7] Res judicata consists of two components—issue preclusion and claim preclusion. *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097. Relevant to this case is issue preclusion, also known as collateral estoppel, which "prevents the relitigation [in a later proceeding] of factual issues already decided [in an earlier proceeding]" and "applies even when the two proceedings offer different types of remedies." *Id.* ¶ 9 (quotation marks omitted).

[¶8] We have long applied the standards set forth in the Restatement (Second) of Judgments §§ 27-29 (Am. L. Inst. 1982) when addressing the affirmative defense of issue preclusion. *See, e.g.*, *Gunning v. Doe*, 2017 ME 78, ¶ 17, 159 A.3d 1227; *Gray v. TD Bank, N.A.*, 2012 ME 83, ¶¶ 10, 21, 45 A.3d 735; *State v. Moulton*, 481 A.2d 155, 161 (Me. 1984). For issue preclusion to apply, the Restatement requires, inter alia, that the determination upon which the preclusion claim is based be essential to the judgment of the previous court.

Restatement (Second) of Judgments § 27; *accord Morton v. Schneider*, 612 A.2d 1285, 1286 (Me. 1992) (holding that issue preclusion did not bar the claim because the determination of the previous court was not essential to its judgment).

[¶9]  A finding is considered essential to the judgment when it relates to an ultimate fact or issue of law.  Restatement (Second) of Judgments § 27 cmt. j. The appropriate question is "whether the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment."  *Id.*; *see also Jarosz v. Palmer*, 766 N.E.2d 482, 533 (Mass. 2002) (explaining that for findings to be essential to the judgment, they "must be regarded by the court and the part[ies] as essential to a determination on the merits, and not merely essential to a determination of the narrow issue before the court at that time"). There may be circumstances where the previous court made determinations relevant to the second action, but if "the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action . . . is not precluded" because such determinations have the characteristics of dicta. Restatement (Second) of Judgments § 27 cmt. h.  The distinction between findings that are essential to a judgment and those that are not "stems from the recognition that the tribunal that decided the first case may not have taken

6

sufficient care in determining an issue that did not affect the result, even though the parties vigorously litigated the issue . . . ." *Beale v. Chisholm*, 626 A.2d 345, 347 (Me. 1993) (quotation marks omitted).

[¶10]  Here, the referee's findings were made in response to Pacheco's motion for a mistrial during a hearing on the narrow issue of whether a post-marital agreement should be enforced, and among the reasons why the referee denied the motion was the observation that the subpoenaed counseling records were not relied upon in the determination of the merits in that hearing. The referee's findings regarding the subpoenaed records were at best tangential to the referee's recommendation in that discrete matter and were not essential to the divorce judgment.  *Cf. Mills v. Mills*, 565 A.2d 323, 324 (Me. 1989) (affirming the dismissal of the ex-spouse's motion seeking alimony because the "critical issue" before the court "was precisely the same issue" previously adjudicated and was essential to the previous judgment).[5]

---

[5]  The Firm argues that during the divorce proceedings, Pacheco had waived any privilege regarding the records, which were apparently redacted, and therefore Pacheco cannot prove the necessary elements of her tort claims.  Although such a waiver could be relevant in determining the merits of Pacheco's claims, these merits cannot be resolved on our review of a trial court's order on a motion to dismiss. *See Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254.

### III. CONCLUSION

[¶11] Because the referee's findings were not essential to the underlying divorce judgment, Pacheco's tort action is not barred by issue preclusion. We therefore vacate the judgment granting the Firm's motion to dismiss Pacheco's claims of abuse of process and IIED and affirm the dismissal of the NIED claim on the ground that it fails to state a claim upon which relief can be granted.

The entry is:

> Judgment vacated as to Counts 1 and 2. Judgment affirmed as to Count 3. Remanded for further proceedings on Counts 1 and 2.

---

Jeffrey Bennett, Esq. (orally), Legal-Ease, LLC P.A., South Portland, for appellant Jamie D. Pacheco

James M. Bowie, Esq. (orally), and Matthew S. Wahrer, Esq., Thompson Bowie & Hatch LLC, Portland, for appellees Libby O'Brien Kinglsey and Champion, LLC, and Gene Libby

Androscoggin County Superior Court docket number CV-2021-72
FOR CLERK REFERENCE ONLY