STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-22-20



JOHN RAYMOND,

      Plaintiff

v.

SANDRA CRITES, f/k/a
SANDRA RAYMOND

      Defendant

ORDER ON MOTION FOR
SUMMARY JUDGMENT

The matters before the court is Defendant Sandra Crites ("Crites") Motion for Summary Judgment on Plaintiff John Raymond's ("Raymond") Petition For Partition asserting the right to partition has been waived. Raymond opposes the motion. For the following reasons, the motion will be denied.

Background

Raymond and Crites were previously married and owners of property located at 18 Florence Lane, in Poland, Maine (the "property"). (D.S.M.F. ¶6, 8). On December 6, 2017, in Lewiston District Court a Divorce Judgment was entered pertaining to their marriage. (D.S.M.F. ¶ 9). The Divorce Judgment indicated, *inter alia,* the following: (a) Defendant and Plaintiff would remain in the Property post-divorce; (b) Defendant and Plaintiff would have the right to exclusive possession of the Property until the Property was sold; (c) the Property shall be sold when "both parties agree". (D.S.M.F. ¶ 11).

In August, 2021, Crites filed in the Lewiston District Court a motion for relief from judgment pursuant to M.R.Civ. P. 60(b)(6). (P.S.A.M.F. ¶ 2). In her motion for relief Crites requested that the divorce judgment be set aside and that she be granted possession of the

1

property, arguing the divorce judgment did not achieve actual division of the marital property. ((P.S.A.M.F. ¶ 2, Ex. 2, Motion for Relief From Judgment). Raymond did not object to a partition of the real estate, and the main issue at the hearing on Crite's motion for relief from judgment was the distribution of sale proceeds. (P.S.A.M.F. ¶ 3, see Ex.'s 3 and 4). The District Court denied the motion for relief, stating "Rule 60(b) is not intended to provide parties an alternate path to litigate an equitable partition action." (P.S.A.M.F. ¶ 4, Ex. 5, Order, at page 3).

Crites does not want to sell the property and wants to continue to reside there. (D.S.M.F. ¶ 17, 18 and 20). Raymond desires to sell the property, and maintains he did not intend to waive his right to seek partition. (P.S.A.M. F. ¶ 1, Ex.1)

## Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

"Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). "Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

Discussion

In his complaint, Raymond invokes the equitable and legal jurisdiction of the court. There are two types of partition-statutory and equitable.

Title 14, M.R.S. §6501 provides "Persons seized or having right of entry into real estate in fee simple or for life, as tenants in common or joint tenants, may be compelled to divide the same by civil action for partition." Statutory partition may be carried out only by *physical division* of the jointly owned real estate or perhaps...by time-sharing of its use. *Libby v. Lorraine,* 430 A.2d 37, 39 (Me. 1981) emphasis added. And statutory partition is limited to persons seized or having a right of entry as tenants in common or joint tenants. 14 M.R.S.§6501, 6502.

Partition is also available to joint owners of real estate through the equity jurisdiction of the court. *Libby v. Lorraine,* 430 A.2d 37, 39. Equitable partition is more flexible than "partition by petition" and is not limited to physical division and may be carried out by sale. *Id.* Similar to statutory partition, equitable partition is limited to cases involving part owners of real (see *Boyer v. Boyer,* 1999 ME 128, ¶13) or between those actually seised of the premises.((*Hoadley v. Wheelwright,* 131 Me. 435, 437 (1933)- "a tenant in common may maintain his petition for partition, if he has right of entry, though not actually seised" quoting *Baylies v. Bussey, 5 Me. 153);* see also *Pierce v. Rollins,* 83 Me. 172 (1891)-" ...a partition can not be decreed...unless the complainants can, by some proceeding at law, establish their legal title").

Crite's however argues she and Raymond both waived their right to partition. The Law Court has recognized that a co-tenant may voluntarily limit or waive his or her right to partition. *Pew v. Sayler,* 2015 ME 120, ¶ 28, citing *Mathews v. Mathews,* 2008 ME 66, ¶¶ 2, 5. Consistent with *Matthews,* the Court has referenced the Restatement (Second) of Property which states "A

restraint on the power of a co-tenant to compel partition, created to last for a reasonable time only, is valid. *Pew v. Saylor,* ¶ *29,* citing *Restatement (second) of Prop.: Donative Transfers §* *4.5.*

Despite Crites' argument to the contrary, *Matthews* is distinguishable. In *Mathews* the parties specifically agreed Marylou would have possession of the house for as long as *she* desired. *Matthews,* ¶ 5. In this case, the divorce judgment failed to indicate what would happen if the parties could not agree to sell. The Real Estate Schedule A to the Divorce Judgment indicates that until the real estate is sold both Plaintiff and Defendant have the right to exclusive possession. That itself is contradictory. The schedule further states the real estate shall be sold when both parties agree. This is far different than the situation described in *Matthews* where one party was granted exclusive possession and she alone could decide how long she wished to remain in the property. In contrast, in this case the parties are left in an untenable position. Were the divorce judgment to be interpreted as Crites argues, and interpreted as a waiver of partition, it would potentially leave the parties never being able to sell the property or resolve their affairs. That flies against the requirement of the Restatement (Second) of Property that waivers last for a reasonable time only. But more importantly, it underscores the uncertainty to what the parties were to do if they could not agree. It is unimaginable that through a divorce in which parties' marital assets are to be set apart and their affairs dissolved they could remain permanently bound as co-tenants of real estate due to an inability to agree to sell. Generally, courts will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless explicitly stated, and that waivers must be clear and unmistakable. *Dow v. Billing,* 2020 ME 10, ¶ 17(dealt with waiver of rights to marital property in a divorce).

4

Contrary to the absurdity of the parties waiving the right to partition, the parties actions clearly indicate they desire to be able to resolve their co-ownership of the property. Crites has alleged in her counterclaim that there was at one time post divorce an agreement for her to buy out Raymond's interest, but that arrangement apparently fell apart over financing. Additionally, as previously discussed, Crites filed a motion for relief from judgment requesting the divorce judgment be set aside and that she be granted possession of the property. But as the District Court judge indicated "Rule 60(b) is not intended to provide parties an alternate path to litigate an equitable partition action.", the District Court refused to set aside the judgment and provide further relief. In other words, the divorce court that had jurisdiction over the marital dissolution has indicated that it is indeed a partition action that is required to resolve this matter.

Crites desires to remain in the property while Raymond desires to sell. These are not binary choices excludable from the range of possible outcomes of a partition action. The court finds the parties did not clearly and unmistakably waive their right of partition in this case.[1]

Crites also raises res judicata. "The doctrine of res judicata prevents the relitigation of matters already decided in order to promote judicial economy and efficiency, the stability of final judgments, and fairness to litigants." *Estate of Treworgy v. Comm'r, Health and Human Servs.*, 2017 ME 179, ¶ 11, 169 A.3d 416 (quotations and citations omitted). The doctrine consists of two components, issue preclusion and claim preclusion. *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097. The Law Court has characterized the two components of res judicata as follows:

> Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to

---

[1] The court further notes that the Divorce Judgment was a court prepared form in which various boxes were checked off and very basic terms were handwritten onto the blank lines. And Raymond was not represented by counsel at the time of the divorce.

litigate the issue in a prior proceeding. Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.

*Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131. The Law Court requires that a factual determination be "essential to the judgment," meaning it "must be regarded by the court and the part[ies] as essential to a determination on the merits," before issue preclusion can apply. *Pacheco v. Libby O'Brien Kingsley & Champion, LLC*, 2022 ME 63, ¶¶ 8-9, 288 A.3d 398.

In short, neither the issue of waiver or partition have not been litigated in anyway. Crites herself attempted to litigate via the motion for relief from judgment a means to remove herself from owning and possessing the property jointly with Raymond and sought to have the property set aside to her. But the District Court that handled the divorce shut down that litigation, indicating a partition action was the appropriate action. Crites argument that Raymond already had an opportunity in the divorce action to negotiate or litigate *when and how* the property could be sold misses the mark, as the parties did not clearly and unmistakably waive the right to partition.

As a matter of law, the parties did not waive the right to partition, and accordingly the motion for summary judgment must be denied.

The entry is:

> Defendant Sandra Crites's Motion for Summary Judgment
> is DENIED.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: June 30, 2023

6