MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2024 ME 39
Docket:         And-23-298
Argued:         March 6, 2024
Decided:        May 21, 2024

Panel:          STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

JAMIE PACHECO

v.

LIBBY, O'BRIEN, KINGSLEY AND CHAMPION, LLC, et al.

LAWRENCE, J.

[¶1]  Jamie Pacheco appeals from a judgment of the Superior Court (Androscoggin County, *Stewart, J.*) granting a motion to disqualify filed by Gene Libby, Esq., and Libby, O'Brien, Kingsley, and Champion, LLC (collectively Libby), to preclude Jeffrey Bennett, Esq., and his firm, Legal-Ease, LLC, P.A. (collectively Bennett), from continuing as counsel for Jamie.[1]  We affirm the court's judgment.

## I.  BACKGROUND

[¶2]  The court made the following findings, which are supported by competent record evidence.  *See Morin v. Me. Educ. Ass'n*, 2010 ME 36, ¶ 7, 993

---

[1]  Jamie does not distinguish between Jeffrey Bennett and Legal-Ease and does not argue that Legal-Ease can continue as counsel if Jeffrey Bennett is disqualified.  The motion on appeal disqualified both Jeffrey Bennett and Legal-Ease.

2

A.2d 1097. The procedural history is derived from the record. *Pacheco v. Libby O'Brien Kinglsey & Champion, LLC*, 2022 ME 63, ¶ 2, 288 A.3d 398.

[¶3]  In 2015, Jamie filed a complaint for divorce against her then husband, Kevin Pacheco. Jamie was represented in the divorce proceedings by Bennett. Kevin was represented by two attorneys prior to being represented by Libby.

[¶4]  During the divorce proceedings, Bennett voluntarily produced to Libby's predecessor counsel what he represented to be, save for one redacted line, the complete counseling session notes of Jamie's therapist, Sandra Falsey. The redacted line contained highly sensitive personal information that Bennett believed would harm Jamie if Kevin obtained it.

[¶5] Libby subpoenaed Falsey without notifying Bennett.[2]  The subpoena required Falsey to testify at a hearing scheduled for November 7, 2018, and directed Falsey to produce her "entire file regarding Jamie Pacheco from 2011 to the date of Jamie Pacheco's most recent therapy appointment, including, but not limited to, all correspondence and emails between [Falsey] and any attorney representing Jamie Pacheco." Though Falsey ultimately did not testify

---

[2]  The referee in the divorce proceeding determined that Libby's failure to provide Bennett with a copy of the subpoena was inadvertent.

at the November 7 hearing, she turned over to Libby her complete counseling records related to Jamie, including counseling notes from four sessions not previously produced by Bennett and an unredacted copy of the counseling notes that Bennett had redacted in his original production. The unredacted notes were disclosed to Kevin when he was copied on an email that included the notes as an attachment. Jamie moved for a mistrial and to disqualify Libby in the divorce proceedings. Both motions were denied.

[¶6] On July 7, 2021, after the divorce proceedings concluded, Jamie, with Bennett representing her, filed an action against Libby asserting claims of abuse of process, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED) based on Libby obtaining Falsey's unredacted therapy notes and disclosing them to Kevin. Jamie demanded a jury trial in her action against Libby.

[¶7] We considered Jamie's case in October 2022, on an appeal from the court's grant of a motion to dismiss Jamie's tort complaint. *See Pacheco*, 2022 ME 63, ¶¶ 1, 4, 288 A.3d 398. We partially vacated the dismissal, leaving Jamie's claims of abuse of process and IIED in dispute. *Id*. ¶ 11.

[¶8] On March 17, 2023, Libby filed a motion to disqualify Bennett, asserting that Bennett's continued representation of Jamie would violate Maine

Rule of Professional Conduct 3.7 and prejudice Libby.[3]  The court granted Libby's motion on July 20, 2023.  In granting the motion, the court found that Bennett is likely to be a necessary witness, as defined by Rule 3.7, on the following topics:

> 1.) Whether the attorney-client privilege was waived by [] Bennett's voluntary production of [] Falsey's [therapy session] notes to [] Libby's predecessor counsel;
>
> 2.) How and why [] Bennett redacted the initial production;
>
> 3.) Whether [] Bennett put opposing counsel on notice of the redactions, and if so, how;
>
> 4.) The significance of the redacted information to [Jamie] Pacheco;
>
> 5.) What steps [] Bennett would have taken to preserve confidentiality if he had known that [] Libby subpoenaed [] Falsey;
>
> 6.) Why [] Bennett did not take steps to preserve confidentiality after the fact that [] Falsey would be testifying was mentioned on November [6], 2018.

---

[3] Jamie briefly argues that the court erred by not finding that the motion to disqualify was waived because "[Libby] waited nearly two years, and after a prior full appeal, before filing the[] motion." Jamie did not raise this issue to the trial court, nor develop it fully on appeal, and therefore we decline to address it.  *See Foster v. Oral Surgery Assocs., P.A.*, 2008 ME 21, ¶ 22, 940 A.2d 1102; *Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290.

Regardless, the reasonableness of a delay in filing such a motion is fact specific.  *See Casco N. Bank v. JBI Assocs., Ltd.*, 667 A.2d 856, 861 (Me. 1995).  This case was pending while on appeal from a grant of a motion to dismiss.  *See Pacheco v. Libby O'Brien Kingsley & Champion, LLC*, 2022 ME 63, ¶¶ 1, 4, 288 A.3d 398.  After we partially vacated the motion to dismiss and remanded the case, *see id.* ¶ 11, Libby promptly filed the motion to disqualify.

The court also found that Bennett is the only witness with sufficient personal knowledge of these issues to be able to testify to them and is likely to be one of a few central witnesses. In addition, the court found that Bennett's testimony is likely to be controversial, inconsistent with other witnesses' testimony, and emotional.

[¶9] Regarding prejudice to Jamie, the court found no reason to believe that Jamie would have difficulty finding counsel if Bennett was disqualified. The court also expressed its willingness to accommodate Jamie in her search for new counsel. Moreover, the court observed that Bennett's continued representation of Jamie could be detrimental to her because of his dual role as witness and advocate.

[¶10] Regarding the risk of prejudice to Libby, the court stated,

At the hearing before this court on June 8, 2023, Attorney Bennett demonstrated the danger of allowing the roles of advocate and witness to mix, as explained in comment 2 to Rule 3.7. Attorney Bennett would seamlessly shift between advocating for his client's position and recounting the events underlying this case from his own personal knowledge. While the court may be in a better position to separate the advocacy from the testimony, the fact that Ms. Pacheco has demanded a jury trial, as is her right, creates a greater risk of prejudice to the defense. The court is concerned that a jury will not be able to determine when Attorney Bennett is offering proof or analysis. The court finds that Attorney Bennett's continued representation of Ms. Pacheco is highly likely to confuse the jury.

6

[¶11]   Jamie timely appealed from the order granting the motion. *See* M.R. App. P. 2B(c)(1); *Morin*, 2010 ME 36, ¶ 6 n.1, 993 A.2d 1097.

## II.  DISCUSSION

[¶12]  Jamie argues that Libby did not meet his burden of demonstrating that Bennett's continued representation of her constitutes an affirmative violation of a rule of professional conduct and causes actual prejudice to Libby.[4] *See Morin*, 2010 ME 36, ¶¶ 9-11, 993 A.2d 1097.  Libby argues that there is sufficient support for the court's conclusions that Bennett should be disqualified because Bennett's continued representation of Jamie violates Maine Rule of Professional Conduct 3.7 and is prejudicial to Libby.

[¶13]  The party moving to disqualify counsel has the burden to prove (1) that disqualification serves "the purposes supporting the ethical rules" by establishing that the attorney's continued representation would result in a violation of a specific ethical rule and (2) that continued representation by the attorney would actually prejudice the party seeking disqualification.  *Morin,*

---

[4]  Jamie also argues that the procedure implemented by the court to establish an evidentiary record—which Jamie never objected to—was insufficient.  The court gave all parties multiple opportunities to submit exhibits in evidence, state their intention to submit exhibits in evidence, object to exhibits, and request an evidentiary hearing.  We note, and take this opportunity to clarify, that an evidentiary hearing is not required to establish the evidentiary record supporting a motion to disqualify counsel; whether any hearing is needed before a ruling is made on a motion is left to the sound discretion of the court.  *See* M.R. Civ. P. 7(b)(7) & Advisory Committee's Notes December 4, 2001.

2010 ME 36, ¶¶ 9, 10, 993 A.2d 1097 (quotation marks omitted); *Casco N. Bank,* 667 A.2d at 859. The existence of an ethical violation does not alone prove prejudice. *Morin*, 2010 ME 36, ¶ 10, 993 A.2d 1097. The moving party must identify a specific harm it would suffer in litigation if the opposing counsel is not disqualified. *Id.* If a court finds that the moving party carried its burden, the resulting disqualification order must include "express findings of th[e] ethical violation and resulting prejudice." *Id.* ¶ 11.

[¶14] "[R]eview of orders granting or denying motions to disqualify counsel is highly deferential, and we will not disturb an order disqualifying counsel if the record reveals any sound basis for the trial court's decision." *Morin*, 2010 ME 36, ¶ 7, 993 A.2d 1097 (quotation marks omitted).

## A.    Maine Rule of Professional Conduct 3.7

[¶15] Jamie argues that there was no basis for the court's conclusion that Bennett's continued representation of Jamie would result in a violation of Maine Rule of Professional Conduct 3.7 because Bennett "has no firsthand knowledge of any alleged wrongful actions of [Libby]" and Libby did not prove Bennett's testimony would be "relevant, material, and unobtainable from any other source" as is required to prove that Bennett was a necessary witness. *See* M.R. Prof. Conduct 3.7(a) & Reporter's Notes. Jamie further contends that

"any testimony [] Bennett could hypothetically give on the subject is protected by the attorney-client privilege and the work-product doctrine and otherwise does not relate to a contested issue" and therefore falls outside the scope of Rule 3.7.

[¶16]  Rule 3.7 states, in relevant part:

**3.7 Lawyer as Witness**

(a) A lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a necessary witness unless:

> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

A lawyer is a necessary witness when the lawyer's proposed testimony is relevant, material, and unobtainable from other sources.  M.R. Prof. Conduct 3.7 Reporter's Notes.  In determining the necessity of a lawyer's testimony, we consider "the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses."  M.R. Prof. Conduct 3.7 cmt. (4).  Disqualification is required where an advocate is a necessary witness in part because the trier of fact "may be confused or misled by a lawyer serving as both advocate and witness."  M.R. Prof. Conduct 3.7 cmt. (2).

[¶17] Bennett's actions or inactions in the treatment and disclosure of Jamie's psychotherapy records are central to Jamie's case, and Bennett alone has this knowledge, making his testimony relevant, material, and unobtainable from other sources. *See Commonwealth v. Delnegro*, 75 N.E.3d 73, 80-81 (Mass. App. Ct. 2017). The measures Bennett took or did not take to preserve confidentiality of the records, and the notice Bennett gave to Libby of these measures, are also highly relevant to Jamie's claim for abuse of process, *see Advanced Const. Corp. v. Pilecki*, 2006 ME 84, ¶ 23, 901 A.2d 189, and her claim for IIED, *see Lyman v. Huber*, 2010 ME 139, ¶ 16, 10 A.3d 707. Bennett is likely to be a central trial witness and to give testimony that may be emotionally charged and inconsistent with other testimony. Moreover, if Jamie decides to testify to the impact Libby's actions had on her, Bennett's testimony could corroborate or impeach Jamie's testimony. Clearly, there are multiple sound bases for the court's conclusion that Bennett's continued representation of Jamie would result in an affirmative violation of Rule 3.7.[5] *See Morin*, 2010 ME 36, ¶ 9, 993 A.2d 1097.

---

[5] Moreover, the exceptions to Rule 3.7 do not apply: Bennett's testimony would relate to a contested issue, the propriety of Libby's obtaining and sharing Jamie's psychotherapy records; Bennett's likely testimony is not protected by attorney-client or work-product privilege; and the record does not evince a colorable claim of substantial hardship.

## B.    Actual Prejudice

[¶18]  Jamie contends that Libby has not demonstrated actual prejudice because Libby assumed, but did not prove, that "Bennett has . . . firsthand personal knowledge of facts that is not subject to [the] attorney-client privilege" and that is related to a disputed question of fact.[6]

[¶19]   The rule against advocate-witnesses seeks to address "1) the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility; 2) the unfair and difficult situation which arises when an opposing counsel has to cross-examine a lawyer-adversary and seek to impeach his credibility; and 3) the appearance of impropriety created, *i.e.,* the likely implication that the testifying lawyer may well be distorting the truth for the sake of his client."  *Culebras Enters. Corp. v. Rivera-Rios*, 846 F.2d 94, 99 (1st Cir. 1988).  If a lawyer is called to act as a witness *against* her client, the risk of a conflict of interest and confusing the factfinder is "just as substantial, if not more" than when a lawyer acts as an advocate and a witness *for* her own client. *Ahern v. Scholz*, 85 F.3d 774, 791-92 (1st Cir. 1996).  Moreover, whether

---

6   Jamie also argues that "the requirement under *Morin* that the moving party demonstrate prejudice means that [Bennett's] testimony *must* be helpful or favorable to the defense in order to support disqualification."  This is a misstatement of law.  *See Morin*, 2010 ME 36, ¶ 10, 993 A.2d 1097 (holding that to establish prejudice, "the moving party must point to the specific, identifiable harm she will suffer in the litigation by opposing counsel's continued representation").

the factfinder is a judge or a jury is relevant to the likelihood of confusion when a lawyer acts as an advocate and a witness. *See* M.R. Prof. Conduct 3.7 cmt. (2).

[¶20] There are sound bases in the record for the court's conclusion that there would be actual prejudice in allowing Bennett to continue representing Jamie. *See Morin*, 2010 ME 36, ¶ 7, 993 A.2d 1097. Libby states that he will call Bennett to testify to firsthand knowledge of the disclosure of the therapy notes, which could force Bennett to testify against Jamie's interests. *See* M.R. Prof. Conduct 1.7 cmt. (1); *see also* Model Rules of Pro. Conduct r. 3.7 cmt. (6) (Am. Bar Ass'n 1983). Jamie has also demanded a jury trial, which creates a greater risk of confusion because a jury may be required to distinguish between Bennett's advocacy and his testimony. Finally, we note that Bennett's participation in this appeal has already blurred the line between advocacy and personal involvement. For all these reasons, we affirm Bennett's disqualification.

The entry is:

Judgment affirmed.

12

Christa Vo, Esq., and Jeffrey Bennett, Esq. (orally), Legal-Ease, LLC PA, South Portland, for appellant Jamie Pacheco

James M. Bowie, Esq. (orally), and Matthew S. Wahrer, Esq., for appellees Libby, O'Brien, Kingsley and Champion, LLC, and Gene Libby

Androscoggin County Superior Court docket number CV-2021-72
FOR CLERK REFERENCE ONLY